# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-60017
Summary Calendar

PHU NGOC TRAN

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 884 712

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Phu Ngoc Tran, a citizen and native of Vietnam, petitions for review of the Board of Immigration Appeals' (BIA's) dismissal of his appeal of the order of the immigration judge (IJ) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The IJ granted Tran's request for voluntary departure and this court granted a stay of deportation pending the BIA's resolution of his petition for review. We have jurisdiction to review the BIA's decision under 8 U.S.C. § 1252 (governing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judicial review of final orders of removal). Where, as here, the BIA has adopted the analysis and conclusions of the IJ, we review the IJ's findings. See Soadjede v. Ashcroft, 324 F.3d 830, 832 (5th Cir. 2003); Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002).

Tran challenges the IJ's adverse credibility determination, arguing that the numerous inconsistencies between Tran's live testimony, his affidavit, his asylum application, and witnesses' testimony cited by the IJ are not material to his claims. A review of the record establishes that the IJ's finding that Tran's testimony is not credible is substantially supported by the record. Tran seeks to minimize the importance of these inconsistencies, but none of his arguments compel this court to substitute its judgment for that of the IJ. See Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994) ("We cannot substitute our judgment for that of the BIA or IJ with respect to the credibility of the witnesses or ultimate factual findings based on credibility determinations."); see also Efe, 293 F.3d at 905 ("The panel cannot replace the Board or IJ's determinations concerning witness credibility or ultimate factual findings based on credibility determinations with its own determinations."). Because the denial of Tran's claims for withholding of removal and for relief under the CAT are based on the IJ's adverse credibility determination, they may not be reviewed by this court. See Garcia-Melendez, 351 F.3d 657, 662 (5th Cir. 2003) (quoting Chun, 40 F.3d at 78) ("We have emphatically ruled that 'we will not review decisions turning purely on the immigration judge's assessment of the alien petitioner's credibility.'").

Tran did not exhaust his claim for asylum relief to the BIA and thus this court may not consider this claim. See Wang v. Ashcroft, 260 F.3d 448, 452 (5th Cir. 2001).

The petition is DENIED.