# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 17, 2011

No. 09-60944
Summary Calendar

Lyle W. Cayce
Clerk

ALEIDA CABRERA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 798 260

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Aleida Cabrera, a native and citizen of Mexico, applied for cancellation of removal, pursuant to 8 U.S.C. § 1229b(b)(1), based on 10 years of continuous presence in the United States. The Immigration Judge (IJ) denied Cabrera's application, and the Board of Immigration Appeals (BIA) dismissed her administrative appeal.

Cabrera argues in her petition for review that the BIA erred in concluding, based on the documents submitted by the Government, that she had failed to

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

meet her burden of showing a continuous presence in the United States. The alien bears the burden of proving eligibility for cancellation of removal. 8 C.F.R. § 1240.8(d). Whether a petitioner has been continually present for a period of not less than 10 years is a factual determination reviewed under the substantial evidence standard. *Garcia-Melendez v. Ashcroft*, 351 F.3d 657, 661 (5th Cir. 2003). Under that standard, a finding that the alien has not been continually present for the requisite period will be affirmed if there is no error of law and if reasonable, substantial, probative evidence on the record, considered as a whole, supports the IJ's factual findings. *Id.* The IJ's decision will not be reversed "unless the petitioner provides evidence so compelling that no reasonable fact-finder could conclude against it." *Id.* (internal quotation marks and citation omitted). The IJ based his decision on evidence that Cabrera's presence in the United States was not continuous, as that concept is understood for the purposes of § 1229b(b)(1). Contrary to Cabrera's contentions, she had the opportunity to challenge or rebut this evidence, but she did not. Cabrera has not presented compelling evidence to show that she met her burden of proof to establish a continuous presence. *See id.*

Cabrera argues that the IJ abused his discretion in denying a continuance on February 23, 2009. "The grant of a continuance lies within the sound discretion of the IJ, who may grant a continuance for good cause shown." *Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008); *see also* 8 C.F.R. § 1003.29. Cabrera has not shown that the IJ abused his discretion.

Cabrera's petition is DENIED.