# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 14, 2013

Lyle W. Cayce
Clerk

No. 12-60805
Summary Calendar

RICARDO TIRADO CARRENO, also known as Ricardo Tirado,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 038 358

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ricardo Tirado Carreno (Tirado) has filed a petition for review of the final order of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ's) decision denying him cancellation of removal. In 2004, when he was 17 years old, Tirado was placed in removal proceedings and was granted voluntary departure. In 2009, Tirado again was placed in removal proceedings and he applied for cancellation of removal. Tirado contended that he met the continuous physical presence requirement for cancellation of removal because

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his departure from the United States in 2004 was not voluntary. The BIA rejected Tirado's argument and denied him cancellation of removal.

Although this court is statutorily barred from reviewing the purely discretionary denial of cancellation of removal, the court is not precluded from reviewing constitutional claims or questions of law. *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007). The determination whether Tirado met the continuous physical presence requirement is one that is subject to appellate review. *See Garcia-Melendez v. Ashcroft*, 351 F.3d 657, 661 (5th Cir. 2003). We will affirm the decision if there is no error of law and if reasonable, substantive, probative evidence on the record supports the factual findings made by the BIA and the IJ. *Id.* Reversal is warranted only if Tirado "provides evidence so compelling that no reasonable fact-finder could conclude against it." *Id.* (internal quotation marks and citation omitted). We will defer to the IJ's adverse credibility findings unless, from the totality of the circumstances, it is plain that no reasonable fact finder could make such an adverse credibility ruling. *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009).

The Attorney General has the discretion to cancel the removal of a nonpermanent resident alien who, in addition to meeting other requirements, "has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application[.]" 8 U.S.C. § 1229b(b)(1)(A). The alien bears the burden of proving eligibility for cancellation of removal. *See* 8 C.F.R. § 1240.8(d); *Cabrera v. Holder*, 419 F. App'x 437, 438 (5th Cir. 2011). Voluntary departure, "whether offered at the end of immigration proceedings or earlier at the border . . . is granted an alien as a form of clemency in return for his agreeing to relinquish his illegal presence." *Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 218 (5th Cir. 2003). "When the Attorney General grants voluntary departure, the alien cannot later claim that he did so while continuing his continuous physical presence . . . in a future adjudication for discretionary relief." *Id.*

Tirado raises a number of contentions for the first time in this petition for review. He contends that pertinent immigration regulations mandate that once removal proceedings have been initiated, voluntary departure can be granted or denied by an IJ only, not by the Attorney General. Tirado also contends that once his prior removal proceedings began, his failure to attend the removal hearing required the IJ to enter a removal order against him in absentia.

This court has jurisdiction to review final orders of removal only if the petitioner has exhausted all administrative remedies available. *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009). "Petitioners fail to exhaust their administrative remedies as to an issue if they do not first raise the issue before the BIA, either on direct appeal or in a motion to reopen." *Id.* "This exhaustion requirement applies to all issues for which an administrative remedy is available to the petitioner as of right." *Id.* (internal quotation marks and citation omitted). Thus, if the petitioner could have argued the claim before the BIA and the BIA had an adequate mechanism to address and remedy the claim, the petitioner must first allow the BIA an opportunity to correct its own error before intervention by the courts. *Id.* at 318-19; *Lopez-Dubon v. Holder*, 609 F.3d 642, 644 (5th Cir. 2010).

Tirado argues that he has merely raised expanded arguments and theories relating to his same primary claim. Citing *Carranza-De Salinas v. Gonzales*, 477 F.3d 200, 206-07 (5th Cir. 2007), Tirado contends that this court allows petitioners to bring modified or alternative theories supporting claims that were before the BIA in a less developed form. However, unlike in *Carranza-De Salinas*, Tirado is presenting this court with entirely new reasons why the IJ's determination was error. As noted in *Omari*, 562 F.3d at 322, the petitioner in *Carranza-De Salinas* made "some concrete statement before the BIA to which [she] could reasonably tie [her] claims before this court." We find that Tirado's newly raised arguments are not similarly tied to the claims he made before the BIA. Accordingly, his claims are unexhausted. *See Omari*, 562 F.3d at 318-322.

Tirado also argues for the first time in this petition that the BIA committed legal error by making three distinct fact findings. He argues that immigration regulations prohibit the BIA from conducting its own fact finding. Allegations of impermissible fact findings by the BIA must first be brought to the BIA in a motion for reconsideration. *Id. at* 319-20. Failure to do so constitutes failure to exhaust the issue. *Id.* at 320. Tirado's argument that this court should not follow its precedent requiring exhaustion is without merit.

As to the remaining viable arguments in support of Tirado's claim that the Government erred in determining that he made a voluntary departure in 2004, we conclude that the determination is supported by reasonable, substantive evidence. *See Garcia-Melendez*, 351 F.3d at 661. On his application for cancellation of removal, Tirado identified his 2004 departure as a voluntary return and he indicated that he had departed the United States pursuant to a grant of voluntary departure. Further, additional documents showed that Tirado had been placed in formal removal proceedings in 2004 and that he was granted voluntary departure. Tirado makes no efficacious challenge to this documentary evidence. Nor does he set forth contrary evidence so compelling that reversal is warranted. *Id.* Further, given the inconsistencies between Tirado's testimony at the hearing and his responses on the cancellation application, Tirado has not shown the IJ's credibility determination to be plainly unreasonable. *See Wang*, 569 F.3d at 538.

PETITION DENIED.