United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2003

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
For the Fifth Circuit

No. 02-60382

JUAN GARCIA-MELENDEZ, Petitioner,

VERSUS

JOHN ASHCROFT, U S Attorney General, Respondent.

Petition For Review of an Order
of the Board of Immigration Appeals

Before EMILIO M. GARZA and DENNIS, Circuit Judges, and VANCE,[*]
District Judge.

VANCE, District Judge:

Appellant Juan Garcia-Melendez seeks judicial review of the Board of Immigration Appeals' order affirming the Immigration Judge's decision denying Garcia's application for cancellation of removal. Further, Garcia challenges the BIA's use, in his case, of a single-member appeal panel and summary affirmance procedure. We deny appellant's petition.

_____

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Garcia-Melendez is a native and citizen of Mexico who, by his own admission, was present in the United States without having been admitted or paroled by an immigration officer. On August 26, 1999, the Immigration and Naturalization Service began removal proceedings against Garcia under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i). Garcia applied for cancellation of removal under section 240A(b) of the INA, 8 U.S.C. § 1229b(b).

Under section 240A(b), an Immigration Judge ("IJ") may cancel removal if an alien: (1) has been physically present in the United States continuously for at least 10 years immediately before the date he applied for cancellation of removal; (2) has been of good moral character during this period; (3) has not been convicted of enumerated criminal offenses; and (4) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child who is a U.S. citizen or a legal permanent resident. 8 U.S.C. § 1229b(b)(1). At his removal proceeding before the IJ, Garcia put on evidence about his presence in the United States as a laborer from 1979 onward and about hardship to his U.S.-citizen children. The IJ rendered an oral decision in which he ordered Garcia removed from the United States to Mexico and denied his application for cancellation of removal and voluntary departure. The IJ found

2

that Garcia failed to sustain his burden of proof on two of the four requirements for cancellation of removal set forth in section 240A(b) of the INA. Specifically, the IJ found that Garcia failed to satisfy the requirement of ten years of continuous physical presence in the United States, first because he presented insufficient evidence on the issue, and second, because he voluntarily departed the United States for Mexico twice after being apprehended by the INS, which the IJ held to constitute breaks in his continuous physical presence as a matter of law. In addition, the IJ found that Garcia failed to prove that his children would suffer exceptional and extremely unusual hardship if he were removed.

Garcia appealed the IJ's decision to the BIA. The BIA summarily affirmed the IJ's decision without opinion, pursuant to 8 C.F.R. § 1003.1(a)(7). Garcia timely appealed, invoking our jurisdiction to review a final order of removal under section 242(a)(1) of the INA, 8 U.S.C. § 1252(a)(1).

## II. JURISDICTION

The relief that Garcia sought is cancellation of removal under section 240A(b) of the INA.[1] Under 8 C.F.R. §

---

[1]Cancellation of removal is a form of discretionary relief passed as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), enacted on September 30, 1996. *See* Pub. L. No. 104-208 (Division C), 110 Stat. 3009-546. In IIRIRA section 304, Congress eliminated INA section 212(c) relief as well as suspension of deportation, and replaced them with two forms of cancellation of removal, one for aliens who are

1003.1(a)(7)(iii), the underlying decision of the IJ, not the BIA's summary affirmance, is the proper subject of judicial review. *See Soadjede v. INS*, 324 F.3d 830, 831-32 (5th Cir. 2003) (citing 64 Fed. Reg. 56,135, 56,137 (Oct. 18, 1999)); *see also Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997) (noting that when the BIA affirms without explanation, the court reviews the IJ's decision). Therefore, we must determine whether we have jurisdiction to review the IJ's decision to deny cancellation of removal. We review our subject matter jurisdiction *de novo*. *See Lopez-Elias v. Reno*, 209 F.3d 788, 791 (5th Cir. 2000), *cert. denied*, 531 U.S. 1069 (2001).

As noted earlier, the Attorney General has discretion to cancel the removal of a non-permanent resident if the alien has shown (1) a continuous physical presence of not less than 10 years; (2) good moral character; (3) a lack of certain criminal convictions; and (4) exceptional and extremely unusual hardship to a qualifying relative. INA § 240A(b); 8 U.S.C. § 1229b(b). Judicial review of his decision is governed by section 242(a)(1) of the INA, which provides generally for "judicial review of a final order of removal." 8 U.S.C. § 1252(a)(1). Section

legal permanent residents, and one for those who are not. The statutory requirements for cancellation of removal for a non-permanent resident such as Garcia are codified at section 240A(b) of the INA, 8 U.S.C. § 1229b(b). Because Garcia's removal proceedings began after April 1, 1997, the effective date of the IIRIRA, this case is governed by the permanent provisions of the INA, as amended by IIRIRA.

4

242(a)(2)(B) of the INA, however, limits judicial review of certain discretionary decisions made in immigration proceedings. 8 U.S.C. § 1252(a)(2)(B). This section, entitled "Denials of discretionary relief," deprives the courts of jurisdiction over certain matters:

> [N]o court shall have jurisdiction to review (i) any judgment regarding the granting of relief under section . . . 1229b . . . of this title, or (ii) any other decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B) (2001).

Because this case involves "the granting of relief under section . . . 1229b," the jurisdictional bar of § 242(a)(2)(B) is implicated here. *See Gonzalez-Oropeza v. U.S. Attorney General*, 321 F.3d 1331, 1322 (11th Cir. 2003). We must determine the extent of this jurisdictional bar. This Circuit has held that the determination of whether a petitioner has been continually present for a period of not less than ten years is a factual determination, which is subject to appellate review. *See Gonzales-Torres v. INS*, 213 F.3d 899, 901 (5th Cir. 2000).

## III. CONTINUOUS PRESENCE FOR TEN YEARS

We review the IJ's factual conclusions on the issue of whether Garcia established ten years of continuous presence for substantial evidence. *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002) (citing *Odzemir v. INS*, 46 F.3d 6, 7 (5th Cir. 2002)). Questions of law are reviewed *de novo*. *Id.* This Court must

affirm the IJ's decision if there is no error of law and if reasonable, substantial, probative evidence on the record, considered as a whole, supports his factual findings. *Moin v. Ashcroft*, 335 F.3d 415, 418 (5th Cir. 2003) (citing *Howard v. INS*, 930 F.2d 432, 434 (5th Cir. 1991)). This Court will not reverse the decision of the IJ unless the petitioner "provides evidence 'so compelling that no reasonable fact-finder could conclude against it.'" *Id.* (citing *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996)).

We find that substantial and probative evidence, considered as a whole, supports the IJ's factual finding that Garcia did not establish ten years of continuous presence in the United States between 1989 and 1999. Garcia established that he moved with his wife and two Mexican-born children into an apartment in San Benito, Texas in 1993 where he has since lived. The evidence that Garcia submitted to prove continuous physical presence in the United States from 1989 until 1993, however, left gaps in proof, or it was inconsistent. Garcia relied on an affidavit from Alberto Garza, stating that he met Garcia in 1980 because Garcia was harvesting crops "in our vicinity at that time," but, as the IJ noted, there was no evidence that Garza knew that Garcia was present in the United States continuously for any period of years, let alone after 1989. Garcia also presented an unsworn letter from Aurelio Davila, which indicated only that

Garcia rented a house in Texas in 1982. Reverend Juan Perez stated that he met Garcia in 1988 and that Garcia has resided in the United States since then, only to be contradicted by Garcia himself who said that he met the reverend for the first time in 1992. Garcia's wife, whom he married in 1983, lived in Mexico until 1992, and the Garcias had two children who lived in Mexico until 1992. Further, Garcia presented no documents to show that he had been in the United States before 1990. Nor did he present a convincing explanation as to why he was unable to obtain *any* definitive supporting documentation from his former employers. Besides these shortcomings in Garcia's proof, the IJ heard Garcia's testimony about his presence in the United States and found that it was not credible. The IJ found his testimony particularly suspect since Garcia admitted that his wife and children remained in Mexico until 1992 and that he saw them there regularly.

Based on these facts, we hold that there was substantial evidence for the IJ to find that Garcia failed to prove continuous physical presence for ten years before the INS brought removal proceedings against him. A court of appeals gives "great deference to an immigration judge's decisions concerning an alien's credibility." *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002) (citing *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994)). We will not substitute our judgment "for that of the BIA or IJ

with respect to the credibility of the witnesses or ultimate factual findings based on credibility determinations." *Chun*, 40 F.3d at 78. We have emphatically ruled that "[w]e will not review decisions turning purely on the immigration judge's assessment of the alien petitioner's credibility." *Id.* (citing *Mantell v. INS*, 798 F.2d 124, 127 (5th Cir. 1986)). Our holding that the IJ had substantial evidence to conclude that Garcia failed to meet one of the four threshold eligibility factors under § 240A(b) is a sufficient basis alone for us to affirm his denial of relief. For this reason, we need not address the other grounds upon which Garcia challenges the IJ's decision.

## IV.  THE DECISION OF THE BIA

Garcia also challenges the BIA's use of its streamlining procedure, in which a single member reviewed the IJ's decision and affirmed it without opinion. *See* 8 C.F.R. § 1003.1(a)(7). Under § 1003.1(a)(7)(ii), a single member of the BIA may affirm the IJ's decision without opinion if

> the result reached in the decision under review was correct;
> any errors in the decision under review were harmless or nonmaterial; and
> (A) the issue on appeal is squarely controlled by existing Board or federal precedent and does not involve the application of precedent to a novel factual situation; or (B) the factual and legal questions raised on appeal are so insubstantial that three-Member review is not warranted.

8 C.F.R. § 1003.1(a)(7)(ii).

Garcia argues that we must review the BIA's use of the

streamlined review process because his case does not meet any of the regulatory criteria governing this type of review. We reject this argument. Garcia does not raise a constitutional challenge to the BIA procedure.[2] In any event, we have already held that the streamlining process is constitutional. *See Soadjede v. Ashcroft*, 324 F.3d 830 (5th Cir. 2003) (holding that BIA streamlining procedure does not deprive courts of judicial review and does not violate alien's due process rights). Further, when the BIA uses the streamlining process, the underlying decision of the IJ is the decision that this Court reviews. *See id.* at 831-32. We have reviewed the IJ's decision on a dispositive issue and have found no error in his ruling that Garcia failed to establish ten years of continuous presence. Petitioner is entitled to no further judicial review.

---

[2]Amicus curiae American Immigration Law Foundation ("AILF") argues that the BIA streamlining procedure violates principles of constitutional and administrative law. Appellant does not raise these issues himself, but only focuses on the propriety of applying the streamlining procedure in his case. It is well-settled in this circuit that "an amicus curiae generally cannot expand the scope of an appeal to implicate issues that have not been presented by the parties to the appeal." *Resident Council of Allen Parkway Village v. U.S. Dep't of Housing & Urban Dev.*, 980 F.2d 1043, 1049 (5th Cir. 1993) (citing *Christopher M. v. Corpus Christi Indep. Sch. Dist.*, 933 F.2d 1285, 1292 (5th Cir. 1991)); *see also Knetsch v. United States*, 364 U.S. 361, 370 (1960). Under this principle, we have held that a constitutional issue raised only by amici need not be considered. *See United States v. Singleton*, 16 F.3d 1419, 1429 n.48 (5th Cir. 1994). Thus, we decline to consider the arguments raised by AILF. In any event, AILF's arguments are foreclosed by our recent decision in *Soadjede v. Ashcroft*, 324 F.3d 830 (5th Cir. 2003).

**V. CONCLUSION**

Appellant Juan Garcia-Melendez's petition for judicial review of the BIA's order affirming the IJ's decision to deny Garcia's application for cancellation of removal is DENIED.