**Mikel ("Mike") LUTAJ, Petitioner,**

**v.**

Alberto R. GONZALES,[1] United States Attorney General, Respondent.

Docket No. 03–4874.

United States Court of Appeals, Second Circuit.

Sept. 26, 2005.

Jan H. Brown, New York, NY, for Petitioner.

Clifford D. Johnson, Assistant United States Attorney, for Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana, for Respondent.

Present: NEWMAN, CALABRESI, and STRAUB, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED.

Mikel "Mike" Lutaj, a native and citizen of Albania, petitions for review of an April 13, 2003 order of the Board of Immigration Appeals ("BIA"). Pursuant to its authority under 8 C.F.R. § 1003.1(e)(4), the BIA affirmed without opinion an August 25, 1999 decision of Immigration Judge Brigitte LaForest ("IJ"). The IJ had rejected petitioner's application for asylum and withholding of removal under the Immigration and Nationality Act of 1952, *see* 8

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales has been substituted for former Attorney General John Ashcroft as the respondent in this case.

U.S.C. §§ 1158(a), 1231(b)(3), and had found petitioner ineligible for voluntary departure. We assume that the parties are familiar with the facts, the procedural history, and the scope of issues before us.

■ On appeal, petitioner contends that the BIA should not have affirmed the IJ's decision without opinion because petitioner never had an opportunity to respond to evidence that he had submitted falsified documents to support his asylum application, which therefore raised a new issue and precluded the BIA from exercising its authority to affirm without opinion. Assuming *arguendo* that we may review the BIA's decision to use its streamlining procedures,[1] we conclude that the BIA did not exceed its authority in doing so in this case. Although the results of forensic analysis of petitioner's documents only became available after petitioner had concluded his testimony before the IJ, petitioner was nonetheless given ample opportunity to challenge the findings. Not only was he well aware that the government was scrutinizing the documents he entered into evidence, but the report calling the authenticity of these documents into question was sent to petitioner in April 1999, several months before the IJ issued her opinion. Moreover, before the IJ rendered her decision, she offered petitioner a chance to explain the allegedly fraudulent documents. The petitioner declined that opportunity. There was, therefore, no new issue before the BIA which petitioner had not had an opportunity to address at the IJ level. Accordingly, the BIA was free to affirm the decision below without opinion. *See* 8 C.F.R. § 1003.1(e)(4)(i)(A) (allowing affirmance without opinion if the issues "are squarely controlled by existing Board or federal court precedent and do not involve the application of precedent to a novel factual situation").

■ Petitioner also claims that the IJ lacked substantial evidence to support her adverse credibility ruling. This argument is meritless. The documents submitted by petitioner to support his application were found to be fraudulent by independent forensic analysis, and petitioner has failed to explain the alleged fraud adequately. Based on this uncontested finding—and on petitioner's testimony and demeanor—the IJ found petitioner incredible, and we conclude that substantial evidence supports her conclusion. *See Melendez v. U.S. Dep't of Justice*, 926 F.2d 211, 217 (2d Cir.1991).

We have considered all of petitioner's other arguments and find them to be without merit. Therefore, the petition for review is DENIED.

---

1. Our sister circuits have split on whether courts of appeal may review the BIA's decision to use its streamlining procedures, or whether those decisions are fully committed to agency discretion. *Compare Batalova v. Ashcroft*, 355 F.3d 1246, 1252–53 (10th Cir. 2004) (allowing review) *with Garcia–Melendez v. Ashcroft*, 351 F.3d 657, 662–63 (5th Cir. 2003) (foreclosing review). Because we can resolve the appeal before us without addressing the issue, we need not, and therefore do not, do so today.