United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 28, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60420
Summary Calendar

ROZA YOHANNES ZEWDIE,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 934 169
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Roza Yohannes Zewdie has petitioned for review of the decision of the Bureau of Immigration Appeals (BIA) dismissing her appeal from the decision of the Immigration Judge (IJ) denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). In general, this court reviews only the decisions of the BIA, except where, as here, the BIA has adopted the analysis and conclusions of the IJ, in which case the IJ's findings are also reviewed. See Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Zewdie complains that the IJ should not have admitted into evidence for impeachment purposes an asylum officer's referral assessment because the document was not produced to her prior to the immigration hearing and because the asylum officer was not called as a witness by the Government. The referral statement was probative and its admission was not fundamentally unfair. See Bustos-Torres v. INS, 898 F.2d 1053, 1055 (5th Cir. 1990).

Most of Zewdie's contentions challenge the IJ's finding that her testimony was not credible, which is a finding that this court will not review. See Garcia-Melendez v. Ashcroft, 351 F.3d 657, 662 (5th Cir. 2003). "We will not substitute our judgment for that of the BIA or IJ with respect to the credibility of the witnesses or ultimate factual findings based on credibility determinations." Id. (quotation marks omitted). The record does not compel a contrary finding. See Chun v. INS, 40 F.3d 76, 78-79 (5th Cir. 1994).

Zewdie contends that the evidence she presented was "unrefuted" and compels the conclusion that she is entitled to asylum, withholding of removal, and relief under the CAT. Zewdie has the burden of showing that the evidence supporting her application was compelling. See id. at 78. Because the IJ determined that Zewdie's testimony was not credible and because this court will not review the IJ's adverse credibility determination, Zewdie cannot carry that burden. See Garcia-Melendez, 351 F.3d at 662. The petition is DENIED.