United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 19, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60553
Summary Calendar

KHALED MUSTAFA IZZAT HASHEM,,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 319 501
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Khaled Mustafa Izzat Hashem is a citizen and native of Jordan who has petitioned for review of a decision by the Board of Immigration Appeals (BIA) denying his request for withholding of removal under § 241(b)(3) of the Immigration and Nationality Act and for relief under the Convention Against Torture (CAT). By failing to brief the issue, Hashem has abandoned his claims under the CAT. Rodriguez v. INS, 9 F.3d 408, 414 n.15 (5th Cir. 1993).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although our review is normally limited to decisions of the BIA, in this case we have reviewed the findings and conclusions of the immigration judge (IJ) because the BIA denied relief based on the IJ's decision.  Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002).

Our review of the BIA's decision is governed by the substantial evidence standard, which requires that the BIA's decision be upheld unless the "evidence compels a contrary conclusion."  Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996); see also INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).

Hashem argues that the IJ erred in finding that he was not a credible witness and in holding that Hashem had failed to show that he was likely to face persecution in Jordan due to his membership in a particular social group and his religious beliefs.  Hashem does not challenge the IJ's determination that Hashem failed to show that there he could not live safely anywhere in Jordan.

We are not convinced that we should substitute our judgment for the IJ's determination that Hashem's testimony as to past events in Jordan and the likelihood that he would face future persecution was not credible.  Garcia-Melendez v. Ashcroft, 351 F.3d 657, 662 (5th Cir. 2003).  Hashem does not allege that he would be subject to persecution due to any protected ground. See 8 C.F.R. § 1208.16(b)(2); Ontunez-Tursios v. Ashcroft,

303 F.3d 341, 352 (5th Cir. 2002).  Hashem has waived any challenge to the IJ's finding that he failed to show that there is no place in Jordan where he could safely live. 8 C.F.R. § 1208.16(b)(3)(i); Rodriguez v. INS, 9 F.3d 408, 414 n.15 (5th Cir. 1993).

For the foregoing reasons, the petition for review is DENIED.