# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-60061
Summary Calendar

MARIO JOSE MALTEZ HUEZO

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A28 650 805

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mario Jose Maltez Huezo (Maltez), a citizen and native of Nicaragua, petitions this court for review of the Board of Immigration Appeals' (BIA) order affirming the immigration judge's (IJ) order denying Maltez's requests for asylum, withholding of removal, and withholding of removal under the Convention Against Torture (CAT). When, as here, the BIA summarily affirms

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the IJ's decision without opinion, we review the IJ's decision. Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997).

Maltez argues that he established both past persecution and a well-founded fear of future persecution. He maintains that the IJ did not give proper consideration to the background materials submitted in his case. He further asserts that the BIA erred by summarily affirming the IJ's decision because his case was not appropriate for summary affirmance.

The ruling of the IJ was supported by substantial evidence. While Maltez testified that he was forced to close his printing business, he acknowledged that he was able to find gainful employment afterwards. This was insufficient to show persecution based upon severe economic disadvantage. See Shehu v. Gonzales, 443 F.3d 435, 441 & n.7 (5th Cir. 2006). Although Maltez testified that he received many death threats and that a speech he was giving was disrupted, he admitted that the only physical harm he suffered was during a robbery in 1993 and did not present any evidence that any members of his immediate family suffered any physical harm. This was insufficient to establish past persecution or a well-founded fear of future persecution. See Eduard v. Ashcroft, 379 F.3d 182, 187 n.4 (5th Cir. 2004); Ahmed v. Ashcroft, 348 F.3d 611, 616 (7th Cir. 2003); Fesseha v. Ashcroft, 333 F.3d 13, 18 (1st Cir. 2003); Lim v. INS, 224 F.3d 929, 936 (9th Cir. 2000). While the IJ did not address all of the background materials in his ruling, his decision reflected "meaningful consideration of the relevant substantial evidence supporting" Maltez's claims. Abdel-Masieh v. INS, 73 F.3d 579, 585 (5th Cir. 1996). As Maltez cannot meet the requirements for asylum, he cannot meet the more stringent requirements for withholding of removal. See Eduard, 379 F.3d at 186 n.2. As Maltez has not challenged the IJ's denial of his request for withholding of removal under the CAT, any such challenge is abandoned. See Rodriguez v. INS, 9 F.3d 408, 414 n.15 (5th Cir. 1993). As Maltez has not shown that the IJ's ruling was not supported by substantial evidence or otherwise erroneous, his challenge to the

BIA's decision to summarily affirm the IJ's ruling is without merit.  See Garcia-Melendez v. Ashcroft, 351 F.3d 657, 662-63 (5th Cir. 2003).

PETITION FOR REVIEW DENIED.