# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-60628
Summary Calendar

REYNALDO GONZALEZ-CALDERON

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 044 202

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Reynaldo Gonzalez-Calderon (Gonzalez), a Mexican citizen, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of his application for cancellation of removal under 8 U.S.C. §1229b. Gonzalez's application was rejected on the basis that Gonzalez had not been continuously physically present in the United States for ten years prior to the filing of his application.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court generally reviews only the BIA's decision, not that of the IJ, except to the extent that the IJ's decision influences the BIA. Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). In the instant case, the BIA relied in part on the IJ's analysis in determining whether Gonzalez was entitled to relief. Thus, consideration of the IJ's decision is appropriate. See Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 348 (5th Cir. 2002).

The Attorney General has the authority to cancel removal of an inadmissible or removable alien who, inter alia, "has been physically present in the United States for a continuous period of not less than 10 years" immediately preceding the date upon which the alien applied for cancellation of removal. § 1229b(b)(1)(A). An alien fails to maintain the necessary continuous physical presence if he has "departed from the United States for any period in excess of 90 days." § 1229b(d)(2).

Whether Gonzalez had been continually present for a period of not less than ten years prior to his application is a factual determination that is subject to this court's review. See Garcia-Melendez v. Ashcroft, 351 F.3d 657, 661 (5th Cir. 2003). This court reviews the IJ's factual conclusions regarding whether Gonzalez established ten years of continuous presence for substantial evidence. Id. "This Court must affirm the IJ's decision if there is no error of law and if reasonable, substantial, probative evidence on the record, considered as a whole, supports his factual findings." Id. In order to succeed on appeal, Gonzalez must provide "evidence so compelling that no reasonable fact-finder could conclude against it." See id. (internal quotation marks and citation omitted). Questions of law are reviewed by this court de novo. Id.

The IJ based the denial upon Gonzalez's testimony that he had left the United States and stayed in Mexico for a period of three-and-a-half or four months in 1998, such that Gonzalez had failed to maintain continuous physical presence pursuant to § 1229(b)(d)(2). Gonzalez denies neither that he so testified nor that the 1998 trip fell within the ten year period relevant to

determining whether he qualifies for cancellation of removal. Rather, Gonzalez argues that the IJ erred in basing the denial of relief solely upon Gonzalez's testimony because Gonzalez's memory of events occurring in 1998 was not clear at the time he testified. The record does not support Gonzalez's argument. Although over the course of his testimony Gonzalez slightly revised the length of his 1998 stay in Mexico, he never testified that he could not accurately remember the details of the trip in question. He has thus failed to show that the IJ's decision was not supported by substantial evidence. See Garcia-Melendez, 351 F.3d at 661.

Gonzalez also argues that his 1998 trip did not interrupt his continuous physical presence in the United States because his departure to Mexico was not precipitated by a formal removal or voluntary departure order, citing for support In re Avilez-Nava, 23 I. & N. 799, 800-01 (BIA 2005). As the BIA noted in its rejection of Gonzalez's appeal, the holding of Avilez-Nava was specifically limited to an applicant whose departure from the United States was not of sufficient length to interrupt his continuous physical presence in the United States pursuant to § 1229b(d)(2). Id. at 800 (referring to § 1229b(d)(2) as Immigration and Nationality Act § 240A(d)(2)). Because Gonzalez was absent from the United States for a period of over ninety days, and thereby interrupted his continuous physical presence pursuant to § 1229b(d)(2), his case is distinguishable from Avilez-Nava.

Finally, Gonzalez contends that the IJ was required to consider factors beyond Gonzalez's lack of continuous presence in the United States before denying his application. This court has indicated that, when an alien has failed to show continuous physical presence as required by § 1229b(b)(1)(A), further analysis is unnecessary before relief may be properly denied. See Garcia-Melendez, 351 F.3d at 662.

AFFIRMED.