**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-60517
Summary Calendar

JUAN CARLOS RAMIREZ ANDRADE,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 559 273

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Ramirez Andrade appeals the Board of Immigration Appeals's (BIA's) decision denying his applications for adjustment of status and cancellation of removal. Andrade first argues that, as an Immigration and Nationality Act (INA) § 245(i) applicant, he is exempt from INA § 212(a)(9)(C)(i)(I), 8 U.S.C. § 1182(a)(9)(C)(i)(I), and is thus statutorily eligible

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to seek adjustment of status. This argument is foreclosed by *Mortera-Cruz v. Gonazles*, 409 F.3d 246, 254-56 (5th Cir. 2005).

Andrade additionally argues that he is statutorily eligible for cancellation of removal under INA § 240A(b), 8 U.S.C. § 1229b(b)(1), because his 1998 encounter with immigration officials did not end his accrual of continuous physical presence. It was Andrade's burden to establish 10 years of continuous physical presence. *See* 8 C.F.R. § 1240.8(d). Given the lack of evidence regarding the circumstances of his 1998 departure on account of his purposeful deception, as well as his three-hour detention and questioning prior to his departure, substantial evidence supports the immigration judge's finding that Andrade did not carry his burden of proof on this issue and is thus ineligible for cancellation of removal. *See Garcia-Melendez v. Ashcroft*, 351 F.3d 657, 661 (5th Cir. 2003).

PETITION DENIED.