# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60617
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2014

Lyle W. Cayce
Clerk

JOSE RAMON OVIEDO,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 722 792

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Ramon Oviedo, a native and citizen of Mexico, was charged in 2010 in a Notice to Appear (NTA) with being an alien present in the United States without having been admitted or paroled. Oviedo conceded the facts and allegations in the NTA and sought cancellation of removal, or in the alternative, voluntary departure. The immigration judge (IJ) denied both. Oviedo appealed to the Board of Immigration Appeals (BIA), which dismissed

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

the appeal.  Oviedo petitions for review of the BIA's dismissing his appeal from the denial of cancellation of removal. (He does not challenge the denial of voluntary departure.)

The BIA determined Oviedo did not meet his burden of establishing ten years' continuous physical presence in the United States because of his 2008 deportation or voluntary departure to Mexico.  Oviedo asserts the evidence does not establish he was aware of his 2008 conviction for illegal entry or knew that, prior to June 2010, he was placed in removal proceedings, ordered removed, or granted voluntary departure.

Oviedo bears the burden of proving eligibility for cancellation of removal. *See* 8 C.F.R. § 1240.8(d) (burdens of proof in removal proceedings).  To be eligible, an alien must satisfy four statutory requirements.  *See* 8 U.S.C. § 1229b(b)(1) (cancellation of removal; adjustment of status).  Continuous physical presence in the United States for the ten-year period immediately preceding the date of the application for cancellation of removal is required (presence requirement).  8 U.S.C. § 1229b(b)(1)(A).  An alien's deportation or voluntary departure under threat of immigration proceedings stops the continuous-presence accrual.  *See* 8 U.S.C. § 1229b(d); 8 U.S.C. § 1231(a)(5) (detention and removal of aliens ordered removed); 8 C.F.R. § 240.64 (eligibility for cancellation of removal); *see also Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 214, 217–19 (5th Cir. 2003); *In re Romalez-Alcaide*, 23 I & N Dec. 423, 426–28 (BIA 2002).

We review the decision of the BIA, "unless the IJ's decision has some impact on" it.  *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).  Factual findings, on whether Oviedo established the presence requirement, are reviewed for substantial evidence.  *Garcia-Melendez v. Ashcroft*, 351 F.3d 657, 661 (5th Cir. 2003).  "This Court will not reverse the decision . . . unless the

No. 13-60617

petitioner provides evidence so compelling that no reasonable fact-finder could conclude against it". *Id.* (citation and internal quotation marks omitted).

Oviedo testified that, in 2008, while attempting to reenter the United States from a brief stay in Mexico, he was apprehended by border authorities, detained for four days, transported to a court, ordered to return to Mexico, and returned to Mexico. This testimony is consistent with the information reported by the immigration agent in Form I-213 Record of Deportable/Inadmissible Alien.

Because Oviedo was convicted of illegal entry, the BIA, in agreement with the IJ, determined his return to Mexico in 2008 was either a deportation or a grant of voluntary departure. Oviedo's assertion that he was unaware of his conviction, deportation, or voluntary departure is not "so compelling that no reasonable fact-finder could conclude" the continuous-presence accrual was not interrupted. *Id.* Thus, substantial evidence supported finding Oviedo lacked the requisite continuous presence.

DENIED.