# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2014

Lyle W. Cayce
Clerk

No. 13-60511
Summary Calendar

ISABELLA SILVA-BLANCO, also known as Isabella Silva,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 999 982

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Isabella Silva-Blanco, a native and citizen of Mexico, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of cancellation of removal. The BIA determined that she did not meet her burden of establishing ten years of continuous physical presence in the United States in light of her 2006 voluntary departure to Mexico. Silva-Blanco asserts generally that her testimony and evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60511

established that she did not depart the United States in 2006 under a threat of removal, knowingly accept a voluntary departure, or participate in any other formal proceeding in which she was determined to be inadmissible.

To establish eligibility for cancellation of removal, "an alien must satisfy four statutory requirements" under 8 U.S.C. § 1229b(b). *Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 214 (5th Cir. 2003). One of the requirements is continuous physical presence in the United States for the ten-year period immediately preceding the date of the application for cancellation of removal. § 1229b(b)(1)(A). A voluntary departure under threat of immigration proceedings interrupts the ten-year period. *Mireles-Valdez*, 349 F.3d at 214, 218. Voluntary departure is "a form of clemency" granted in exchange for an alien's agreement "to relinquish his illegal presence." *Id.* at 218. It is "obvious and compelling" that a "voluntary departure, with its attendant understanding that the alien will cease his illegal presence, is inconsistent with continuous presence." *Id.*

We review the decision of the BIA, not the immigration judge (IJ), "unless the IJ's decision has some impact on the BIA's decision." *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). The substantial evidence standard applies to factual determinations concerning an alien's claim of ten years of continuous presence. *Garcia-Melendez v. Ashcroft*, 351 F.3d 657, 661 (5th Cir. 2003). We will not reverse the BIA's decision "unless the petitioner provides evidence so compelling that no reasonable fact-finder could conclude against it." *Id.* (internal quotation marks and citation omitted).

Nothing in Silva-Blanco's brief or the record compels a finding that she did not agree to the voluntary departure to Mexico in 2006 under threat of immigration proceedings. The record shows that she signed a form I-826 prior to her departure in which she acknowledged her arrest for illegal presence in

No. 13-60511

the United States and indicated a desire to depart the country in lieu of a hearing before the Immigration Court. An immigration official certified in writing that Silva-Blanco read the document and that he read it to her in Spanish. The record also contains a form I-213, which documents the 2006 determination by the Department of Homeland Security that Silva-Blanco was inadmissible and that she "requested and was granted" a voluntary departure to Mexico. Although Silva-Blanco submitted an affidavit to the Immigration Court in which she asserted that she did not know she was signing an agreement for voluntary departure when she signed the form I-826, the affidavit is not "so compelling that no reasonable fact-finder could conclude" that she accepted a voluntary departure. *Garcia-Melendez*, 351 F.3d at 661. Accordingly, the finding by the BIA that Silva-Blanco lacked ten years of continuous presence is supported by substantial evidence. *See id.*

Additionally, Silva-Blanco contends that the BIA's dismissal of her appeal violated her right to due process because her spouse filed an I-130 petition and she must be allowed to pursue it before her applications for relief are dismissed. The determination that an alien is not eligible for cancellation of removal does not implicate the Due Process Clause because "[e]ligibility for discretionary relief from a removal order is not a liberty or property interest warranting due process protection." *Mireles-Valdez*, 349 F.3d at 219 (internal quotation marks and citation omitted).

Finally, Silva-Blanco attempts to challenge the BIA's denial of her motion to reopen or reconsider its decision. However, she did not petition this court for review of the denial of the motion; we have no jurisdiction in the absence of a timely petition for review, so we dismiss that challenge. *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003).

DENIED in part; DISMISSED in part.