# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60074
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 26, 2015

Lyle W. Cayce
Clerk

CRISTOBAL MARTINEZ-ESCOBAR, also known as Cristobal Miguel Escobar,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 956 036

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Petitioner Cristobal Martinez-Escobar, a native and citizen of Mexico, petitions this court for review of the dismissal by the Board of Immigration Appeals (BIA) of his appeal from the Immigration Judge's (IJ) order denying relief in the form of cancellation of removal based on a finding that he was ineligible for such relief. The BIA determined that Martinez-Escobar did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

meet his burden of establishing ten years of continuous physical presence in the United States in light of his 2002 and 2003 voluntary departures to Mexico in lieu of deportation.  Martinez-Escobar admits that he signed papers indicating that he would voluntarily return to Mexico after being apprehended by Border Patrol authorities in 2002 and 2003.  However, he argues that he would not have signed those papers if he had been informed of the possibility of appearing before an IJ.

We review the order of the BIA and will consider the underlying decision of the IJ to the extent that it influenced the BIA's decision. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).  To establish eligibility for cancellation of removal, "an alien must satisfy four statutory requirements" under 8 U.S.C. § 1229b(b). *Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 214 (5th Cir. 2003).  One of the requirements is continuous physical presence in the United States for the ten-year period immediately preceding the date of the application for cancellation of removal.  § 1229b(b)(1)(A).  An alien's deportation or voluntary departure under threat of immigration proceedings stops the ten-year physical presence time period accrual. *Mireles-Valdez*, 349 F.3d at 214, 217-19.

The substantial evidence standard applies to factual determinations concerning an alien's claim of ten years of continuous presence. *Garcia-Melendez v. Ashcroft*, 351 F.3d 657, 661 (5th Cir. 2003).  We will not reverse the BIA's decision "unless the petitioner provides evidence so compelling that no reasonable fact-finder could conclude against it." *Id.* (internal quotation marks and citation omitted).

Nothing in Martinez-Escobar's brief or in the record compels a finding that he was not granted a voluntary departure in lieu of deportation in 2002 and 2003.  His assertion that he would not have agreed to a voluntary departure if he had been informed of the full nature of deportation proceedings

No. 14-60074

is not "so compelling that no reasonable fact-finder could conclude" that the ten-year presence requirement was not interrupted. *Garcia-Melendez*, 351 F.3d at 661.

Accordingly, the petition for review is DENIED.