# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60338
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2015

Lyle W. Cayce
Clerk

BERNARDO ABIEL GARCIA-CHAVEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 251 410

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Bernardo Abiel Garcia-Chavez, a native and citizen of Mexico, petitions this court for review of the dismissal by the Board of Immigration Appeals (BIA) of his appeal from the Immigration Judge's (IJ) order denying cancellation of removal based on a finding that he was ineligible for such relief. The IJ found that Garcia-Chavez was not credible and, in light of a prior voluntary departure to Mexico in lieu of deportation, he was ineligible for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cancellation of removal because he had not met his burden of establishing ten years of continuous physical presence in the United States.  The BIA determined that the IJ did not clearly err in finding Garcia-Chavez was not credible and that he had not established his eligibility for cancellation of removal.

We review the order of the BIA and will consider the underlying decision of the IJ to the extent that it influenced the BIA's decision. *Zhu v. Gonzales,* 493 F.3d 588, 593 (5th Cir. 2007).  To establish eligibility for cancellation of removal, an alien must satisfy certain statutory requirements under 8 U.S.C. § 1229b(b). *Mireles-Valdez v. Ashcroft,* 349 F.3d 213, 214 (5th Cir. 2003).  One of the requirements is continuous physical presence in the United States for the ten-year period immediately preceding the date of the application for cancellation of removal.  § 1229b(b)(1)(A).  An alien's deportation or voluntary departure under threat of immigration proceedings stops the ten-year physical presence time period accrual. *Mireles-Valdez,* 349 F.3d at 214, 217-19.

In addition, we will defer to a credibility determination "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Wang v. Holder,* 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted).  An adverse credibility determination must be supported "by specific and cogent reasons derived from the record." *Zhang v. Gonzales,* 432 F.3d 339, 344 (5th Cir. 2005).

Garcia-Chavez admitted that, after he was detained in 2009, he signed certain documents agreeing that he would waive his right to an immigration hearing and would voluntarily return to Mexico.  However, in the instant proceeding, he testified that he did not read these documents before signing them and that he was not informed that he was waiving his right to appear before an IJ.  Garcia-Chavez's version of events is inconsistent with the

representations on the signed documents and his stated practices and experience as a businessman.   Thus, the IJ and BIA's adverse credibility determination was supported "by specific and cogent reasons derived from the record."  *Zhang,* 432 F.3d at 344.  Garcia-Chavez has not shown that, under "the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Wang,* 569 F.3d at 538.

The substantial evidence standard applies to factual determinations concerning an alien's claim of ten years of continuous presence.  *Garcia-Melendez v. Ashcroft,* 351 F.3d 657, 661 (5th Cir. 2003).  We will not reverse the BIA's decision "unless the petitioner provides evidence so compelling that no reasonable fact-finder could conclude against it."  *Id.* (internal quotation marks and citation omitted).  Nothing in Garcia-Chavez's brief or in the record compels a finding that he was not granted a voluntary departure in lieu of deportation in 2009.  In light of the adverse credibility finding, his contrary testimony was not "so compelling that no reasonable fact-finder could conclude" that the ten-year presence requirement was not interrupted.  *Garcia-Melendez,* 351 F.3d at 661.

To the extent that Garcia-Chavez challenges the IJ's determination that he was ineligible for voluntary departure, we lack jurisdiction to consider his arguments because the IJ alternatively declined to exercise discretion to grant voluntary departure.  *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Sattani v. Holder,* 749 F.3d 368, 373 (5th Cir. 2014).

Accordingly, the petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.  Garcia-Chavez's motion for leave to file an out-of-time reply brief is GRANTED.