# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60219
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 23, 2015

Lyle W. Cayce
Clerk

ANGEL CATARINO CASTRO-GUILLEN,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 692 856

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Angel Catarino Castro-Guillen (Castro), a native and citizen of Mexico, petitions this court for review of the dismissal by the Board of Immigration Appeals (BIA) of his appeal from the Immigration Judge's (IJ) order denying relief in the form of cancellation of removal based on a finding that he was ineligible for such relief. The BIA determined that Castro did not meet his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60219

burden of establishing 10 years of continuous physical presence in the United States in light of his 2004 voluntary departure to Mexico in lieu of deportation.

Castro testified that after being apprehended by Border Patrol authorities in 2004, he agreed to return to Mexico to avoid a lengthy detention pending a removal hearing and that he signed papers indicating that he would voluntarily depart. He argues that his agreement to voluntarily depart, however, did not involve the requisite quid pro quo because immigration officials knew that he would not be able to apply for admission to this country for 10 years. He asserts that he would not have signed those papers if he had been informed of the consequences of his voluntary departure.

We review the order of the BIA and will consider the underlying decision of the IJ to the extent that it influenced the BIA's decision. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). To establish eligibility for cancellation of removal, Castro has the burden of satisfying continuous physical presence in the United States for the ten-year period immediately preceding the date of the application for cancellation of removal. *See Ramos-Torres v. Holder*, 637 F.3d 544, 548 (5th Cir. 2011); 8 U.S.C. § 1229b(b)(1)(A); 8 C.F.R § 1240.64(a). An alien's voluntary departure under threat of immigration proceedings stops the ten-year physical presence period accrual. *See Mireles-Valdez v. Ashcroft,* 349 F.3d 213, 217-19 (5th Cir. 2003); 8 C.F.R. § 1240.64(b)(3).

The substantial evidence standard applies to factual determinations concerning an alien's claim of 10 years of continuous presence. *Garcia-Melendez v. Ashcroft*, 351 F.3d 657, 661 (5th Cir. 2003). We will not reverse the BIA's decision "unless the petitioner provides evidence so compelling that no reasonable fact-finder could conclude against it." *Id.* (internal quotation marks and citation omitted).

No. 14-60219

Nothing in Castro's brief or in the record compels a finding that he was not granted a voluntary departure in lieu of deportation in 2004. His assertions that there was no quid pro quo and that he would not have agreed to a voluntary departure if he had been informed of the consequences do not compel a different result. *See Garcia-Melendez*, 351 F.3d at 661.

Accordingly, Castro's petition is DENIED.