# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60683
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 7, 2018

Lyle W. Cayce
Clerk

JORGE LUIS CONTRERAS-ARRIZON,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 681 015

Before STEWART, Chief Judge, and GRAVES and DUNCAN, Circuit Judges.
PER CURIAM:[*]

Jorge Luis Contreras-Arrizon, a native and citizen of Mexico, petitions this court for review of the dismissal by the Board of Immigration Appeals (BIA) of his appeal from the Immigration Judge's (IJ) order denying relief in the form of cancellation of removal based on a finding that he was ineligible for such relief. The BIA determined that Contreras-Arrizon did not meet his burden of establishing 10 years of continuous physical presence in the United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60683

States in light of his 2007 voluntary departure to Mexico in lieu of deportation. Contreras-Arrizon argues that he never knowingly signed a document to accept voluntary departure. He contends that, while he did sign a document, he thought it was a document related to retrieving his personal belongings.

This court generally reviews only the order of the BIA and will consider the underlying decision of the IJ to the extent that it influenced the BIA's decision. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). To establish eligibility for cancellation of removal, Contreras-Arrizon has the burden of establishing, among other things, continuous physical presence in the United States for the 10-year period immediately preceding the date of the application for cancellation of removal. *See Ramos-Torres v. Holder*, 637 F.3d 544, 548 (5th Cir. 2011); 8 U.S.C. § 1229b(b)(1)(A); 8 C.F.R § 1240.64(a). An alien's deportation or voluntary departure under threat of immigration proceedings interrupts the 10-year continuous physical presence period. *Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 217-19 (5th Cir. 2003); 8 C.F.R. § 1240.64(b)(3). Whether an alien has been continually present for a period of not less than 10 years is a factual determination reviewed under the substantial evidence standard. *Garcia-Melendez v. Ashcroft*, 351 F.3d 657, 661 (5th Cir. 2003). Under the substantial evidence standard, reversal is improper unless this court decides "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (internal quotation marks and citation omitted); *see* 8 U.S.C. § 1252(b)(4)(B). "The applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Chen*, 470 F.3d at 1134.

Nothing in Contreras-Arrizon's brief or in the record compels a finding that he did not knowingly and voluntarily accept voluntary departure in lieu

No. 17-60683

of deportation. His assertions to the contrary were not so compelling that no reasonable fact-finder could conclude that the 10-year presence requirement was interrupted. *See Garcia-Melendez*, 351 F.3d at 661.

Accordingly, the petition for review is DENIED.