**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2148
_____

HAROLD E. CHAVES,
                              Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A077-031-822)
Immigration Judge: Pallavi S. Shirole

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 10, 2022
Before: MCKEE, SHWARTZ and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 17, 2022)
_____

OPINION[*]
_____

PER CURIAM

Harold Chaves petitions for review of a final order of removal issued by the Board

of Immigration Appeals (BIA). For the reasons detailed below, we will deny the petition

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

for review.

Chaves is a citizen of Colombia. His arrival date in the United States is contested, as will be discussed below. In 2019, he was arrested in Elizabeth, New Jersey, after a physical altercation with a coworker, and ultimately was convicted of unlawful possession of a weapon. See N.J. Stat. Ann. § 2C: 39-5d. After he completed his state sentence for that offense, the Department of Homeland Security charged him with removability as a noncitizen present in the United States without having been admitted or paroled.[1] See 8 U.S.C. § 1182(a)(6)(A)(i). Chaves applied for cancellation of removal. See 8 U.S.C. § 1229b(b)(1).

Before an Immigration Judge (IJ), Chaves testified that he arrived in the United States in 1993 on a commercial flight from Bogota to New York. He explained that the person who prepared his visa had inadvertently put the incorrect name on the visa but told him that there was no need to correct it at the time.[2] He testified that since his arrival he had regularly worked and paid taxes and had never left the country.

The IJ found Chaves removable as charged—unchallenged since—and denied relief, explaining that to be eligible for cancellation of removal, Chaves had to show, among other things, that he had "been physically present in the United States for a continuous period of not less than 10 years" before he applied for cancellation of

---

[1] Chaves was not charged as removable for having been convicted of a criminal offense.

[2] It appears that Chaves' full name is "Harold Eduardo Chaves Huertas," according to the Colombian passport he provided in the record. A.R. 315. He testified that the "lady" who prepared his visa at the time of his purported entry in 1993 erroneously wrote "Harold Mora Huertas" on the visa. See A.R. 21, 80–81, 233–34.

removal. 8 U.S.C. § 1229b(b)(1)(A). The IJ found that Chaves testified credibly in part, but that his testimony regarding his entry and work history in the United States was "improbable and unsubstantiated," despite attempts at corroboration by documentary evidence. A.R. 80.

Chaves appealed to the BIA, which dismissed his appeal. The BIA affirmed the IJ's determination that Chaves had not established the requisite ten years of continuous physical presence, see A.R. 3-4, and declined to reach any other grounds underlying the IJ's decision that Chaves was statutorily ineligible for cancellation of removal, see A.R. 5. Chaves then filed a timely petition for review with this Court.

We have jurisdiction pursuant to 8 U.S.C. § 1252. Determinations of whether the continuous-presence requirement is met are within this Court's jurisdiction.[3] See Khan v. Att'y Gen., 979 F.3d 193, 197 (3d Cir. 2020). Our review is of the BIA's decision, although we also review the IJ's decision to the extent that the BIA adopted or deferred to the IJ's analysis. See Zhang v. Gonzales, 405 F.3d 150, 155 (3d Cir. 2005). We must uphold the agency's factual findings—including its findings concerning whether Chaves has established ten years of continuous presence, see Demandstein v. Att'y Gen., 639 F.3d 653, 657 (3d Cir. 2011); Lopez-Alvarado v. Ashcroft, 381 F.3d 847, 851 (9th Cir. 2004)—if they are "supported by reasonable, substantial and probative evidence on the

---

[3] To the extent Chaves also challenges other aspects of his statutory eligibility for cancellation of removal, we decline to reach those issues because Chaves's failure to establish his continuous physical presence is dispositive. We also note that, although Chaves argued to the BIA that the IJ had violated his due process rights, he has not raised that issue in his brief to this Court, and it is forfeited. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020).

record considered as a whole." Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir. 2003). We will reverse a finding of fact only if "any reasonable adjudicator would be compelled to conclude to the contrary." § 1252(b)(4)(B).

We discern no error in the BIA's decision. As the agency noted, an applicant for cancellation of removal must meet the ten-year continuous-presence requirement, in Chaves's case measured from the date he applied for cancellation on June 29, 2020. See A.R. 3 n.2 (BIA decision citing Niz-Chavez v. Garland, 141 S. Ct. 1474, 1480 (2021); Guadalupe v. Att'y Gen., 951 F.3d 161, 167 (3d Cir. 2020)). An IJ may require a non-citizen to provide evidence to corroborate testimony, whether that testimony is deemed credible or not. See 8 U.S.C. § 1229a(c)(4)(B). When the IJ requires such corroboration, the IJ must "(1) [identify] the facts for which it is reasonable to expect corroboration; (2) [inquire] as to whether the applicant has provided information corroborating the relevant facts; and, if [the applicant] has not, (3) [analyze] whether the applicant has adequately explained his or her failure to do so." Saravia v. Att'y Gen., 905 F.3d 729, 736 (3d Cir. 2018) (quoting Abdulai v. Ashcroft, 239 F.3d 542, 554 (3d Cir. 2001)).

Here, during the portion of Chaves's testimony about his entry, work history, and continuous presence, the IJ asked if he had records to show that he had worked and paid taxes since his arrival, and Chaves said he did. See A.R. 181–83. At the close of the hearing, the IJ left the record open for corroborating evidence, including "[t]ax records and letters of support." See A.R. 236. Chaves supplemented the record with nearly 150 pages of material, but the wage and tax information covered only the years 1993–94, 1996–2000, 2003–04, and 2014–18. See A.R. 319–410. As the BIA noted, the only other

evidence he submitted for the relevant period was "an unsworn one-sentence letter from a pastor in New Jersey, indicating that [Chaves] was an active member of the church before he went to jail and 'he has been in the Church for more than 10 years.'" A.R. 4. That letter was dated September 15, 2020, but otherwise lacked information about what period it was intended to cover. See A.R. 458. It was thus reasonable to accord this letter limited weight. See Chen v. Gonzales, 434 F.3d 212, 218 (3d Cir. 2005). None of Chaves's other supplemental documents demonstrate his presence in the country between 2010 and 2013.[4] See generally Garcia-Melendez v. Ashcroft, 351 F.3d 657, 661 (5th Cir. 2003). Based on this record, we cannot say that any reasonable fact-finder would conclude that Chaves had demonstrated his continuous presence for the entire ten-year period.

The BIA's decision and the underlying findings of the IJ are thus "supported by substantial evidence from the record considered as a whole," and we do not believe that "any reasonable fact-finder would be compelled to conclude otherwise." Huang v. Att'y Gen., 620 F.3d 372, 379 (3d Cir. 2010) (internal citations and quotation marks omitted). Accordingly, we will deny the petition for review.

---

[4] Chaves moved for an extension of time just before the deadline to supplement the record, citing difficulties accessing records because of COVID-19. A.R. 483–89. The IJ denied that motion. A.R. 482. On appeal, Chaves again argued that COVID-19 prevented him from accessing documents. A.R. 19, 24. The BIA rejected the argument, "as [Chaves] has not explained why he was able to provide evidence of his continuous physical presence for the remaining portion of the relevant 10-year period, but not for these years in particular." A.R. 4. The BIA also noted that Chaves had not submitted further information to support his continuous presence on appeal. Id. He has not raised any argument concerning this issue in his brief in this Court; rather, he insists that the documents he provided to the IJ did establish his presence. See Pet'r's Br. 2–3.