# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 7, 2022

Lyle W. Cayce
Clerk

No. 21-60415
Summary Calendar

Jose Federico Cruz-Sanchez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A098 887 007

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

Jose Federico Cruz-Sanchez, a native and citizen of El Salvador, petitions for review of the decision by the Board of Immigration Appeals (BIA) denying his third motion to reopen, as well as dismissing his appeal from the immigration judge's (IJ) denial of his second motion to reopen.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

When evaluating a denial of a motion to reopen, we review the BIA's order but will also evaluate the IJ's underlying decision to the extent it influenced the BIA's opinion. *See Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018). When the BIA affirms the IJ without opinion, we review the IJ's decision. *See Moin v. Ashcroft*, 335 F.3d 415, 418 (5th Cir. 2003). A denial of a motion to reopen is reviewed under "a highly deferential abuse-of-discretion standard." *Ramos-Portillo v. Barr*, 919 F.3d 955, 958 (5th Cir. 2019).

Cruz-Sanchez failed to challenge the IJ's denial of his second motion to reopen on grounds that it was numerically barred for all issues except changed country conditions. Although we will liberally construe the brief of a pro se litigant, such as Cruz-Sanchez, pro se litigants "must still brief the issues." *Rui Yang v. Holder*, 664 F.3d 580, 589 (5th Cir. 2011). Thus, he has abandoned his challenge to the IJ's denial of his motion to reopen on these grounds. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Regarding the BIA's denial of his third motion to reopen on grounds of changed country conditions, Cruz-Sanchez failed to show that the BIA abused its discretion because his evidence did not provide a "meaningful comparison between the conditions at the time of the removal hearing and the conditions at the time" he moved to reopen. *See Nunez*, 882 F.3d at 508.

Cruz-Sanchez's argument that the IJ and BIA violated his due process rights lacks merit because "there is no liberty interest at stake in a motion to reopen due to the discretionary nature of the relief sought." *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 205 (5th Cir. 2017) (internal quotation marks and citation omitted). Finally, his argument that the BIA violated his due process rights by using its summary affirmance procedure also lacks merit because we have foreclosed that issue. *See Garcia-Melendez v. Ashcroft*,

No. 21-60415

351 F.3d 657, 662-63 n.2 (5th Cir. 2003), *abrogated on other grounds by Patel v. Garland*, 142 S. Ct. 1614 (2022).

Accordingly, Cruz-Sanchez's petition for review is DENIED.