# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60636
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 3, 2015

Lyle W. Cayce
Clerk

ALFREDO GUERRERO-BOTELLO,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 340 595

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Alfredo Guerrero-Botello, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' (BIA) dismissal of his cancellation-of-removal appeal. The BIA determined Guerrero did not meet his burden of establishing ten years of continuous physical presence in the United States in the light of his 2004 and 2005 voluntary departures to Mexico.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-60636

Guerrero contends:   because he was not subjected to a formal documented deportation proceeding, not advised of his right to apply for cancellation of removal, and knowingly agreed to voluntary departure, these departures should not count against the ten-year-continuous-physical-presence requirement.  Regarding another of the elements for cancellation of removal, he claims his children will suffer exceptional and extremely unusual hardship should he be deported.

In reviewing an order of the BIA, our court considers the underlying decision of the immigration judge (IJ) to the extent it influenced the BIA's decision.  *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  To establish eligibility for cancellation of removal, Guerrero must demonstrate, *inter alia*, continuous physical presence in the United States for the ten-year period immediately preceding the date of the application for cancellation of removal.  *See Ramos-Torres v. Holder*, 637 F.3d 544, 548 (5th Cir. 2011); 8 U.S.C. § 1229b(b)(1)(A); 8 C.F.R § 1240.64(a).  An alien's voluntary departure under threat of immigration proceedings interrupts his ten-year continuous physical presence.  *See Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 218 (5th Cir. 2003); 8 C.F.R. § 1240.64(b)(3).

The substantial evidence standard applies to factual determinations concerning an alien's claim of ten years of continuous physical presence. *Garcia-Melendez v. Ashcroft*, 351 F.3d 657, 661 (5th Cir. 2003); *Gonzalez-Torres v. INS*, 213 F.3d 899, 901 n.3 (5th Cir. 2000).  A reversal of the BIA's decision requires "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (emphasis in original) (internal quotation marks omitted).

Nothing in the record compels a finding that Guerrero was not granted a voluntary departure in lieu of deportation in 2004 and 2005.  His assertions

No. 14-60636

he was not subject to a formal documented deportation proceeding, he was not advised of his right to apply for cancellation of removal, and he did not knowingly agree to voluntary departure do not compel a different result. *See Garcia-Melendez*, 351 F.3d at 661.

For the other factor at issue, we lack jurisdiction over Guerrero's claim that the IJ erred in finding his qualifying relatives (his daughter and son, who are United States citizens) would not suffer exceptional and extremely unusual hardship as a result of the denial of his application for cancellation of removal. (The BIA's having ruled against Guerrero on the continuous-physical-presence element, it did not decide the hardship issue.)

Challenges to the IJ's assessment of the hardship factors are not reviewable because such contentions are nothing more than a disagreement with the IJ's weighing of the factors underlying the discretionary hardship determination. *E.g.*, *Sattani v. Holder*, 749 F.3d 368, 372 (5th Cir. 2014); *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007).

DENIED.