IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 14, 2007

Charles R. Fulbruge III
Clerk

No. 06-60039

JUAN JOSÉ MARTINEZ,

Petitioner,

v.

MICHAEL B. MUKASEY, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order
of the Board of Immigration Appeals

Before DeMOSS, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:

On August 12, 2004, an Immigration Judge ("IJ") found Martinez removable for having been convicted of a crime involving moral turpitude. The IJ also found that Martinez was ineligible for cancellation of removal because he had been convicted of an aggravated felony. Martinez appealed to the Board of Immigration Appeals ("BIA"), which, under 8 C.F.R. § 1003.1(e)(4) affirmed, without opinion, the IJ's decision. Martinez now seeks review of the IJ's decision and challenges the BIA's use of a single-member panel and summary affirmance procedure. We deny his petition.

I

In 2003, Juan José Martinez, a native and citizen of Mexico, applied for admission to the United States as a returning resident alien. Upon entrance, Martinez was served with a notice to appear that alleged he was ineligible for admission because of a 1997 Texas conviction for insurance fraud, and the notice charged that he was subject to removal based on his commission of a crime involving moral turpitude.

Martinez conceded his removability, but he sought cancellation of removal[1] because he had resided as a lawful permanent resident in the United States for more than seven years. The Government argued that Martinez was ineligible for cancellation[2] because the 1997 conviction constituted an aggravated felony.[3]

The IJ found that Martinez committed an offense under Texas Penal Code § 35.02(a), and that this violation constituted a crime involving fraud. The IJ further found that Martinez's offense resulted in a loss to the victim of $11,467.36. The IJ rejected Martinez's argument that the record did not reflect whether he was convicted under Texas Penal Code § 35.02(a) or § 35.02(b), and Martinez's contention that the loss amount should be $5,733.68. The IJ relied on (1) Martinez's plea bargain agreement, which reflected a total restitution of $11,467.36, (2) the fact that Martinez's wife was responsible for the other half of the total restitution and was involved in the insurance fraud, and (3) Martinez's community supervision order, which indicated that Martinez was jointly and separately liable for $11,467.36. The IJ denied Martinez's application for cancellation and ordered him removed to Mexico.

---

[1] 8 U.S.C. § 1229b(a).

[2] See 8 U.S.C. § 1229b(a)(3).

[3] 8 U.S.C. § 1101(a)(43)(M)(i) (defining "aggravated felony" as including an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000").

A single member of the BIA affirmed the IJ's decision without opinion, making the IJ's decision the final agency determination,[4] and the decision we review.[5] Martinez timely appealed.

## II

Under 8 U.S.C. § 1252(a)(2)(B)(i), this court lacks jurisdiction to review the IJ's discretionary decisions under 8 U.S.C. § 1229b, but retains jurisdiction over purely legal and nondiscretionary decisions.[6] Specifically, this court retains jurisdiction to determine whether the conviction qualifies as an aggravated felony under the Immigration and Naturalization Act ("INA")—that is, to determine whether we have jurisdiction.[7] Whether an offense is an aggravated felony under the INA is a question of law, and the IJ's resolution of that issue is a nondiscretionary decision under § 1101(a)(43)(M)(i). Although a reviewing court may be required in some cases to examine the conviction record to determine whether the conviction comes within a relevant INA definition, that inquiry is a question of law.[8] This court reviews de novo whether the particular statute of conviction meets the relevant INA definition.[9]

## III

This case presents two issues. The first is whether the IJ committed reversible error in ruling that Martinez's offense constituted an aggravated felony. The second is whether the BIA properly applied its streamlined review procedures.

---

[4] 8 C.F.R. 1003.1(e)(4).

[5] Garcia-Melendez v. Ashcroft, 351 F.3d 657, 660 (5th Cir. 2003).

[6] Wilmore v. Gonzales, 455 F.3d 524, 526 (5th Cir. 2006).

[7] Omari v. Gonzales, 419 F.3d 303, 306 (5th Cir. 2005).

[8] Smith v. Gonzales, 468 F.3d 272, 275 (5th Cir. 2006).

[9] Id.

A

The INA defines aggravated felony as an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000."[10] Martinez argues that his insurance fraud conviction failed to meet this definition, because it was unclear whether he was convicted under Texas Penal Code § 35.02(a), which he concedes involves fraud or deceit, or § 35.02(b), which he argues might not involve fraud or deceit.

We use a categorical approach to determine whether an offense involves fraud or deceit.[11] This approach requires that the court examine the statute of conviction (rather than any underlying facts) when determining whether the offense meets the definition of an aggravated felony. If the statute of conviction creates multiple offenses, only some of which meet the definition of aggravated felony, the court may examine the conviction record[12] to determine whether the alien was convicted under a subsection of the statute meeting the definition of aggravated felony.[13]

At the time of Martinez's conviction, Texas Penal Code § 35.02 delineated two different offenses.[14] Thus, under the categorical approach, this court must inquire whether both offenses necessarily entail fraud or deceit.[15] At the time of Martinez's conviction, §§ 35.02(a) and (b) provided:

---

[10] 8 U.S.C. § 1101(a)(43)(M)(i).

[11] James v. Gonzales, 464 F.3d 505, 508 (5th Cir. 2006).

[12] In this context, the conviction record includes the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Shepard v. United States, 544 U.S. 13, 16 (2005).

[13] Omari v. Gonzales, 419 F.3d 303, 308 (5th Cir. 2005).

[14] TEX. PEN. CODE ANN. §§ 35.02(a) & (b) (Vernon 2003).

[15] See James, 464 F.3d at 508.

(a)    A person commits an offense if, with intent to defraud or deceive an insurer, the person causes to be prepared or presents to an insurer in support of a claim for payment under a health or property and casualty insurance policy a statement that the person knows contains false or misleading information concerning a matter that is material to the claim, and the matter affects a person's right to a payment or the amount of payment to which a person is entitled.

(b)    A person commits an offense if, with intent to defraud or deceive an insurer, the person solicits, offers, pays, or receives a benefit in connection with the furnishing of health care goods or services for which a claim for payment is submitted under a health or property and casualty insurance policy.

Both offenses share the same element, that the offender act "with intent to defraud or deceive an insurer," and the plain language of both sections provides that a violation of either necessarily entails fraud or deceit. Thus, Martinez's argument that § 35.02(b) might not involve fraud or deceit is without merit.

Martinez also contends that the IJ erred by using the modified categorical approach to determine that his conviction occurred pursuant to § 35.02(a) prior to determining whether any subsection of § 35.02 did not necessarily entail, or have as an element, fraud or deceit. If the underlying record reflects that a prior conviction was clearly pursuant to a subsection of a statute containing the requisite elements of an offense, the IJ or reviewing court is not required to resolve whether one or more other subsections of the same statute does not set forth the required elements. This would be a needless exercise.

B

We must next address whether the IJ committed reversible error by concluding that the loss to the victim exceeded $10,000. Here, Texas Penal Code § 35.02 is facially overinclusive since it penalizes offenses resulting in both less than and more than $10,000 in loss to the victim. We therefore apply the modified categorical approach, under which we may look to the conviction record to determine whether the alien was charged with a crime meeting the definition of an aggravated felony.[16] When a case, like the instant case, involves a guilty plea, the court may examine the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."[17]

The charging document tracks the overinclusive statutory language. But the signed written plea agreement reflects, among other things, that Martinez agreed to $11,467.36 in restitution, of which Martinez was directed to pay $5,733.68. In discussing the restitution, the plea agreement specifically referenced the conditions of Martinez's probation to which Martinez agreed in the plea agreement. One of those conditions stated that Martinez was jointly and separately liable for the entire $11,467.33.

Martinez cites a Ninth Circuit case, Chang v. INS,[18] for the proposition that "restitution" and "loss to the victim" are not necessarily interchangeable. But as a later Ninth Circuit case, Ferreira v. Ashcroft,[19] made clear, Chang does not stand for the rule that an IJ may not look to a restitution order to determine

---

[16] Omari, 419 F.3d at 308.

[17] Id. (quoting Shepard v. United States, 544 U.S. 13, 16 (2005)).

[18] 307 F.3d 1185 (9th Cir. 2002).

[19] 390 F.3d 1091 (9th Cir. 2004).

the amount of loss.[20] Instead, Chang stands for the proposition that a restitution order does not establish the amount of loss if it directly contradicts the amount of loss specified in a plea agreement or indictment.[21] That is not the case here. Like Ferreira, Martinez's indictment merely stated that the loss exceeded $1,500. Thus, the restitution amount and the indictment are consistent.

Martinez's argument that the court should ignore the total restitution amount and instead equate loss to victim with the restitution amount he actually paid is meritless. In 8 U.S.C. § 1101(a)(43)(M)(i), Congress defined an aggravated felony in terms of loss to the victim, not in terms of the amount the defendant ultimately paid. The restitution order was for $11,467.36, for which Martinez was "jointly and separately" liable. That Martinez only paid $5,733.68 does not decrease the actual loss to the victim.[22]

IV

Martinez finally argues that the BIA erred in using its streamlined review process under § 1003.1(e)(4) to affirm the IJ's decision without an opinion rather than remand the case to the IJ or refer the case to a three-member panel.

The BIA may affirm the IJ's decision without an opinion if:

the result reached in the decision under review was correct; any errors in the decision under review were harmless or nonmaterial; and (A) [t]he issues on appeal are squarely controlled by existing Board or federal precedent; or (B) [t]he factual and legal questions raised on appeal are not so substantial that the case warrants the issuance of a written opinion.[23]

---

[20] Id. at 1098.

[21] Id.

[22] We do not decide whether a court may establish the amount of loss through a restitution order alone. We use the restitution order in this case merely to disprove the contention that it contradicts the amount of loss in Martinez's plea agreement.

[23] 8 C.F.R. § 1003.1(e)(4).

Specifically, Martinez argues the issue regarding loss to the victim does not meet the requirements of this streamlined review procedure. This argument is foreclosed by precedent.[24] When the BIA uses its streamlining procedures, the IJ's opinion is the final agency determination[25] and the opinion this court reviews.[26] Thus, this court has said that requiring the BIA to perform the type of review that Martinez requests is "unnecessary and duplicative" since courts review the claim's merits when examining the IJ's decision.[27] Since we find no reversible error in the IJ's decision, Martinez's argument on this issue is rejected.[28]

V

Based on the record, we find that Martinez's conviction was an offense involving fraud or deceit resulting in a loss to the victim exceeding $10,000. Since Martinez's conviction was an aggravated felony, we do not have jurisdiction over his petition for review. The petition is DENIED.

---

[24] Garcia-Melendez v. Ashcroft, 351 F.3d 657, 662-63 (5th Cir. 2003).

[25] 8 C.F.R. § 1003.1(e)(4).

[26] Garcia-Melendez, 351 F.3d at 663.

[27] Eduard v. Ashcroft, 379 F.3d 182, 195 n. 15 (5th Cir. 2004) (internal quotation marks, brackets, and citations omitted).

[28] See Garcia-Melendez, 351 F.3d at 663.