# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2010

No. 09-60344
Summary Calendar

Lyle W. Cayce
Clerk

ANDREW WAYNE MCKENZIE, also known as Andrew W. McKenzie, also
known as Andy McKenzie,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A037 773 092

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Andrew Wayne McKenzie, a native and citizen of Jamaica, petitions for
review of the Board of Immigration Appeals' (BIA) decision, affirming the
Immigration Judge's (IJ) order finding him removable, and ineligible for
cancellation of removal, as an alien convicted of an aggravated felony. 8 U.S.C.
§§ 1227(a)(2)(B)(i), (a)(2)(A)(iii), 1229b(a). McKenzie contends the BIA erred in
determining:  he had been convicted of an aggravated felony, rendering him

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

ineligible for cancellation of removal; and the Department of Homeland Security was *not* barred by *res judicata* from alleging McKenzie had additional prior drug convictions.

Although our court is generally precluded from reviewing a final order of removal for commission of a criminal offense under 8 U.S.C. § 1227(a)(2)(B), we retain jurisdiction to review questions of law. *See* 8 U.S.C. § 1252(a)(2)(D); *Patel v. Mukasey*, 526 F.3d 800, 802 (5th Cir. 2008). Because McKenzie raises purely legal questions, our review for both issues is *de novo*. *Martinez v. Mukasey*, 508 F.3d 255, 257-58 (5th Cir. 2007); *Andrade v. Gonzales*, 459 F.3d 538, 542 (5th Cir. 2006).

McKenzie, who was convicted in November 2005 of crack-cocaine possession under New York law, and who had prior final state drug convictions, contends the BIA erred by treating his November 2005 conviction as an aggravated felony under the recidivist provision of the Controlled Substances Act. *See* 21 U.S.C. § 844(a). For an aggravated-felony offense to disqualify an alien from receiving cancellation of removal, however, he must have been "*actually convicted*" of the felony. *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577, 2589 (2010) (emphasis in original). Because none of McKenzie's New York drug convictions were based upon the fact of a prior conviction, the BIA erred in determining he had committed an aggravated felony and, therefore, was ineligible for cancellation of removal. *See id.* at 2580.

McKenzie is incorrect in his assertion that *res judicata* barred the addition, on remand, of allegations regarding his prior convictions. McKenzie cites *no* case law concerning *res judicata* when the BIA has merely remanded a case to the IJ. *See Medina v. INS*, 993 F.2d 499, 503 (5th Cir. 1993) (noting *res judicata* precludes subsequent litigation between same parties on same issues only where there has been valid final judgment on the merits).

PETITION GRANTED; VACATED AND REMANDED.