**Blanca Josefina Ronquillo DE CORRALES, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

**No. 14–60121**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Dec. 16, 2014.

Orlando Mondragon, Law Office of Orlando Mondragon, El Paso, TX, for Petitioner.

---

the limited circumstances set forth in 5TH CIR R. 47.5.4.

\* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Tim Ramnitz, Trial Attorney, Tangerlia Cox, Don George Scroggin, Trial Attorney, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before DeMOSS, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Blanca Josefina Ronquillo De Corrales (Ronquillo), a native and citizen of Mexico, has filed a petition for review of the decision of the Board of Immigration Appeals (BIA). The BIA dismissed her appeal of a removal order that was based on a conviction of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). Relying on an uncontested restitution order for more than $37,000 entered in Ronquillo's federal fraud case, the immigration judge (IJ) found by clear and convincing evidence that Ronquillo committed "an offense that ... involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M)(i) (defining aggravated felony). Ronquillo argues that the restitution order was not sufficient evidence because the federal court found the loss for restitution only by a preponderance of the evidence rather than by clear and convincing evidence as required for removal.

We lack "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" an aggravated felony, 8 U.S.C. § 1252(a)(2)(C), but we retain jurisdiction to decide the jurisdictional question of whether the charged crime is an aggravated felony. *James v. Gonzales,* 464 F.3d 505, 507 (5th Cir.2006). We may review "jurisdictional facts," and we review de novo the legal issue of whether an offense constitutes an aggravated felony. *See Rodriguez v. Holder,* 705 F.3d 207, 210 (5th Cir.2013).

The amount of loss under § 1101(a)(43)(M)(i) "is a factual matter to be determined from the record of conviction." *Arguelles–Olivares v. Mukasey,* 526 F.3d 171, 177 (5th Cir.2008). We must decide "whether there was clear and convincing evidence that [Ronquillo's] prior conviction involved an amount of loss greater than $10,000 and whether the evidence establishing that the conviction involved such a loss was reasonable, substantial, and probative." *Id.* at 178. The IJ and BIA applied the proper "clear and convincing" standard of proof. The substantial-evidence standard of review typically requires only that the BIA have based its conclusion on the evidence before it and that its decision not be unreasonable. *See Carbajal–Gonzalez v. I.N.S.,* 78 F.3d 194, 197 (5th Cir.1996).

In determining loss under § 1101(a)(43)(M)(i), an immigration court can rely on sentencing-related material, including a restitution order. *See Nijhawan v. Holder,* 557 U.S. 29, 42–43, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009); *James,* 464 F.3d at 510–12; *see also In re Babaisakov,* 24 I. & N. Dec. 306, 319–20 (BIA 2007) (citing *James* and holding that "restitution orders can be sufficient evidence of loss to the victim"). A disputed restitution order may not always be conclusive evidence of loss, *see In re Babaisakov,* 24 I. & N. Dec. at 319–20, but where the defendant has assented to the restitution order,

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it is reliable. *See Martinez v. Mukasey,* 508 F.3d 255, 259–60 (5th Cir.2007) (assenting to restitution in a plea agreement).

Ronquillo relies on *Obasohan v. Attorney General,* 479 F.3d 785 (11th Cir.2007), for the proposition that a restitution order without a corresponding admission by the defendant is insufficient to support a loss finding. But the categorical approach used in *Obasohan* was rejected by the Supreme Court in *Nijhawan.* 557 U.S. at 33, 40, 129 S.Ct. 2294.

Ronquillo failed to dispute the restitution order or the loss calculation at sentencing, and, at her removal hearing, she offered only argument but no evidence to dispute the loss amount. Accordingly, the record contains uncontested "reasonable, substantial, and probative" evidence to support the IJ's finding, under the clear-and-convincing standard, that the loss exceeded $10,000. *Arguelles–Olivares,* 526 F.3d at 178; *see Nijhawan,* 557 U.S. at 42–43, 129 S.Ct. 2294; *In re Babaisakov,* 24 I. & N. Dec. at 319–20.

Because Ronquillo is removable for having committed an aggravated felony, we lack further jurisdiction over her petition for review. *See Martinez,* 508 F.3d at 261. The petition is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.