# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2015

Lyle W. Cayce
Clerk

No. 14-60213

HENRY MAMBEOKU CLEMENT, also known as Henry Clement,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Appeal from the
Board of Immigration Appeals
BIA No.  A022 749 885

Before JOLLY and JONES, Circuit Judges, and MILLS[*], District Judge.

PER CURIAM:[**]

Petitioner Henry Mambeoku Clement challenges the decision of the Board of Immigration Appeal ("BIA") that upheld an Immigration Judge's ("IJ") determination of removability and denial of his applications for waiver of inadmissibility and adjustment of status.  He also challenges the denial of a motion for reopening.  Finding no error, we AFFIRM.

---

[*] District Judge of the Northern District of Mississippi, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60213

Clement, from Nigeria, became a lawful permanent resident in 1985. In 1993, he pled guilty to one count of conspiracy to defraud the United States through a tax fraud scheme that allegedly cost the government about $1.7 million. He was sentenced, *inter alia*, to pay restitution of $10,000 because of his inability to pay the restitution amount stated in the judgment for the offense, $43,337. When he applied for citizenship in 2009, the instant proceedings began with a Department of Homeland Security's ("DHS") response that he was removable as an alien convicted of an aggravated felony. The IJ concluded that Clement was convicted of an aggravated felony on two grounds. Under 8 U.S.C § 1101(a)(43)(M)(i), he had been convicted of "fraud or deceit in which the loss to the victim exceeds $10,000," and under 8 U.S.C. § 1101(a)(43)(U), the crime of conviction constituted "an attempt or conspiracy to commit an offense described in this paragraph." The IJ denied Clement a waiver of inadmissibility because he had not demonstrated that his removal would result in extreme hardship to his relatives or, in the alternative, as a matter of discretion; this conclusion rendered him statutorily ineligible for an adjustment of status. The IJ ordered Clement removed.

The BIA affirmed, finding that DHS met its burden to establish loss in excess of $10,000, and added that although not mentioned in the IJ's opinion, the conviction documents indicated that the total amount of fraudulent tax refunds involved in the conspiracy was $1,700,000. Subsequently, the BIA denied Clement's motion for reopening, which was premised on a reversal and remand for further proceedings to determine whether the loss exceeded $10,000, which the BIA ordered for his codefendant Azuibike Azuogu ("Azuogu") in the same crime. Clement timely appealed, challenging these rulings.

No. 14-60213

This court has jurisdiction to determine only whether the offense specified in removal proceedings was an aggravated felony. *James v. Gonzales*, 464 F.3d 505, 507 (5th Cir. 2006).  This court "accord[s] substantial deference to the BIA's interpretation of the INA . . . and definitions of phrases within it." *Omari v. Gonzales*, 419 F.3d 303, 306 (5th Cir. 2005) (internal quotation marks and citation omitted), but the amount of loss is a factual matter determinable by clear and convincing evidence from the record of conviction. *Arguelles- Olivares v. Mukasey*, 526 F.3d 171, 177 (5th Cir. 2008).  When determining loss, an immigration court can rely on sentencing-related material, including a restitution order.  *Nijhawan v. Holder*, 557 U.S. 29, 42- 43, 29 S. Ct. 2294, 2303 (2009).

We agree that the full restitution amount set forth in the judgment of conviction, $44,337, provided clear and convincing evidence, in the absence of any contrary record evidence, to prove the amount of loss to the victim  for purposes of Section 1101(a)(43)(M)(i).  Although Clement's plea agreement, presentence report and court transcripts are not in the record before us, the indictment's conspiracy charge, which alleges fraudulent tax claims involving approximately $1,700,000 and to which Clement pled guilty, is fully consistent with the BIA's decision.  As this court has noted, "Congress defined an aggravated felony [in this statutory section] in terms of loss to the victim, not in terms of the amount the defendant ultimately paid." *Martinez v. Mukasey*, 508 F.3d 255, 259-60 (5th Cir. 2007) (denying a petition for review where the petitioner agreed in his plea agreement to liability for more than $10,000 but was ordered to pay restitution of less than $10,000).  The BIA has also stated that a restitution order alone can be sufficient to establish the amount of loss.

*In re Babaisakov*, 24 I. & N. Dec. 306, 319-20 (BIA 2007). Clement's arguments that further proof was required lack merit.[1]

Clement's motion to reopen and remand is premised on our finding insufficient proof that the loss involved exceeded $10,000. Having rejected the premise, we also reject the contention that the BIA abused its discretion in failing to reopen and remand in light of the different treatment of Azuogu's case. An abuse of discretion may only be found if the decision was "capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014) (citations omitted). Azuogu's case is factually different because no amount of restitution was stated in his judgment, and there is no material difference in the BIA's approach to determining loss for purposes of § 1101(a)(43)(M)(i).

**PETITION DENIED.**

---

[1] Because Clement's petition for review must be denied on this basis, we need not consider whether the conviction fell within the scope of § 1101(a)(43)(U).