# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60045
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2016

Lyle W. Cayce
Clerk

FIAZ AFZAL,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A059 307 191

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Fiaz Afzal has petitioned for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of the immigration judge (IJ) finding him removable as a result of his convictions for 18 counts of Medicaid fraud, in violation of LA. REV. STAT. ANN. § 14.70.1. The IJ determined that Afzal's conviction was an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60045

We lack "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" an aggravated felony, 8 U.S.C. § 1252(a)(2)(C), but we retain jurisdiction to decide the jurisdictional question of whether the charged crime is an aggravated felony, which we review de novo. *Rodriguez v. Holder*, 705 F.3d 207, 210 (5th Cir. 2013). "Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). The definition of "aggravated felony" includes "an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." § 1101(a)(43)(M)(i); *see also Nijhawan v. Holder*, 557 U.S. 29, 38 (2009). Afzal does not dispute that his fraud conviction involved fraud or deceit. The issue presented is whether the BIA erred in determining that the offense involved a loss to the victim that was greater than $10,000.

The amount of loss under § 1101(a)(43)(M)(i) "is a factual matter to be determined from the record of conviction." *Arguelles-Olivares v. Mukasey*, 526 F.3d 171, 177 (5th Cir. 2008). We must decide "whether there was clear and convincing evidence that [Afzal's] prior conviction involved an amount of loss greater than $10,000 and whether the evidence establishing that the conviction involved such a loss was reasonable, substantial, and probative." *Id.* at 178.

The BIA did not err by concluding that the restitution amount of $96,000 set forth in the state court's restitution order provided clear and convincing evidence, in the absence of any contrary record evidence, to prove the amount of loss to the victim for purposes of § 1101(a)(43)(M)(i). *See* 557 U.S. at 42-43; *James v. Gonzales*, 464 F.3d 505, 510-11 & n. 31 (5th Cir. 2006). Thus, the BIA properly determined that Afzal was removable as an aggravated felon.

No. 15-60045

With respect to Afzal's argument that the IJ erred by denying his motion to continue, the denial of a continuance in a case involving the jurisdiction-stripping provision of § 1252(a)(2)(C) "does not present a constitutional claim or issue of law that this court has jurisdiction to consider." *Ogunfuye v. Holder*, 610 F.3d 303, 307 (5th Cir. 2010). To the extent Afzal has raised a due process claim, *see Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006), he has not established that he suffered substantial prejudice. *See Anwar v. I.N.S.*, 116 F.3d 140, 144 (5th Cir. 1997).

Finally, because the BIA correctly determined that Afzal was removable based on his aggravated felony conviction, he was ineligible for the discretionary relief of cancellation of removal. *See* 8 U.S.C. § 1229b(a)(3). Afzal does not challenge the BIA's determination that his fraud conviction was a crime involving moral turpitude rendering him ineligible for adjustment of status under 8 U.S.C. § 1255(a)(2) and 8 U.S.C. § 1182(a)(2)(A)(i)(I), and therefore he has abandoned that issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Because we have determined that Afzal was removable as an aggravated felon, we do not address the issue whether he was also removable under § 1227(a)(2)(A)(ii) for committing two or more crimes involving moral turpitude. We likewise do not the address the expungement documents first furnished by Afzal on appeal. *See Ramchandani v. Gonzales,* 434 F.3d 337, 341 n.1 (5th Cir. 2005). In any event, a vacated conviction remains valid for immigration purposes and meets the definition of conviction under § 1101(a)(48)(A). *See Renteria-Gonzalez v. I.N.S.,* 322 F.3d 804, 814 (5th Cir. 2002).

Because Afzal's fraud conviction was properly regarded by the BIA as an aggravated felony under § 1101(a)(43)(M)(i), we lack jurisdiction, and the petition for review is DISMISSED. *See James*, 464 F.3d at 512.