# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60882
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2019

Lyle W. Cayce
Clerk

LAI HUA-FENG,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 190 477

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Lai Hua-Feng, a native and citizen of China, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). In his petition for review, Hua-Feng argues that substantial evidence does not support the IJ's adverse credibility determination and its findings that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failed to demonstrate past persecution or a well-founded fear of future persecution.

When the BIA affirms the IJ's decision without written opinion, we review the IJ's order. *Martinez v. Mukasey*, 508 F.3d 255, 257 (5th Cir. 2007). On petition for review of an agency decision, we review factual findings for substantial evidence and questions of law de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). Pursuant to the substantial-evidence standard, we "may not overturn . . . factual findings unless the evidence compels a contrary conclusion." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

Hua-Feng argues that his credible fear interview was not reliable because it was conducted telephonically and the IJ made factual errors in the analysis that showed a lack of understanding of his claims. He did not raise these arguments before the BIA. Accordingly, we lack jurisdiction to consider these unexhausted claims. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

To the extent we have jurisdiction to review overall the IJ's adverse credibility determination, that determination is substantially reasonable and is based on the evidence presented. *See Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). Credibility determinations are factual findings that are reviewed for substantial evidence. *See Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009). An adverse credibility determination "must be supported by specific and cogent reasons derived from the record." *Id.* (internal quotation marks and citation omitted). The IJ "may rely on any inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Id.* at 538 (internal quotation marks, citation, and emphasis omitted).

No. 18-60882

In the instant case, the IJ relied on specific inconsistencies among Hua-Feng's testimony, application, and credible fear interview. *See id.* at 537. Hua-Feng cites no evidence compelling a finding that he is credible. *See Gomez-Palacios*, 560 F.3d at 358. Therefore, Hua-Feng has failed to show that, under the totality of the circumstances, no reasonable factfinder could have made the adverse credibility ruling. *See Wang*, 569 F.3d at 538-40; *Carbajal-Gonzalez*, 78 F.3d at 197. We therefore defer to the IJ's credibility determination. *See Wang*, 569 F.3d at 538-39. Because the adverse credibility decision provides adequate grounds for denying the petition, we need not address Hua-Feng's substantive arguments. *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994).

Based on the foregoing, Hua-Feng's petition is DENIED in part and DISMISSED in part for lack of jurisdiction.

3