# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2020

No. 18-60633

Lyle W. Cayce
Clerk

OSCAR GILBERTO RODRIGUEZ, also known as Oscar Gilberto Rodriguez
Benavides,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A014 257 576

Before JONES, ELROD, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Petitioner, Oscar Gilberto Rodriguez, petitions this court for review of
the Board of Immigration Appeals' (BIA's or Board's) order affirming the
immigration judge's (IJ's) decision finding him removable under Section
237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA). Rodriguez also

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-60633

seeks review of the BIA's denial of his motion to reconsider and terminate his immigration proceedings. We deny both petitions.

## I.

Rodriguez, a citizen of Mexico, has resided in the United States as a lawful permanent resident since 1968. On October 16, 2014, Rodriguez pled guilty to conspiracy to commit mail fraud, wire fraud, and to use a United States interstate mail facility in aid of unlawful activity. After his conviction, the Department of Homeland Security (DHS) initiated removal proceedings. On December 21, 2017, it charged in a notice to appear that Rodriguez was removable because his conspiracy conviction was an aggravated felony under 8 U.S.C. § 1101(a)(43)(M), which makes offenses involving fraud and deceit in which the loss to the victims exceeds $10,000 an aggravated felony, and under § 1101(a)(43)(U), which makes attempting or conspiring to commit an offense described in § 1101(a)(43)(M) an aggravated felony. DHS then filed an additional charge of removability that contained the factual allegation that the loss to victims of Rodriguez's criminal acts exceeded $10,000. On February 16, 2018, DHS filed a second additional charge of removability that withdrew the two prior charges and instead charged Rodriguez as being removable because his conviction was an aggravated felony only under § 1101(a)(43)(U).

Rodriguez appeared at a series of hearings before the IJ. After reviewing the government's evidence, the IJ found that Rodriguez had been convicted of violating 18 U.S.C. § 371 by conspiring to commit mail fraud, wire fraud, and unlawful use of mail facilities. Rodriguez did not challenge that the object of the conspiracy involved fraud or deceit. He argued, however, that he was not removable because the government had not shown a $10,000 loss to a victim or victims.

2

No. 18-60633

To prove the loss amount, the DHS relied on the allegations in the superseding indictment to which Rodriguez pleaded guilty, and on the restitution amount. Rodriguez argued that the amounts specified in the indictment were insufficient to show a loss over $10,000 because they showed only a *potential* loss but did not indicate with certainty that the named entity was a victim or that the amounts listed were in fact lost by that victim. The IJ stated that "potential loss is all that's needed here, with a conspiracy." The IJ then found that the government had shown a sufficient loss based on the superseding indictment and the restitution order, and that Rodriguez was removable as charged.

The IJ then followed the oral decision with a written order. In the order, the IJ found that the government showed by clear and convincing evidence that Rodriguez had been convicted of conspiracy and that the object of the conspiracy involved fraud or deceit. The IJ also found that Rodriguez "caused a potential loss greater than $10,000 to his victim, that is, the United States government," based on Rodriguez's $315,436.72 restitution order and the allegations in the indictment that Rodriguez conspired with another individual to submit fictitious proposals of over $100,000 and fictitious invoices of over $72,000 to an FDIC-insured financial institution. The IJ therefore found that DHS had provided clear and convincing evidence establishing Rodriguez's removability and ordered Rodriguez removed to Mexico.

Rodriguez appealed to the BIA, arguing that the DHS had not shown the requisite loss amount and that the IJ improperly relied on the restitution order. He also requested that a three-member panel decide his appeal, and he argued that remand to the IJ was required because his notice to appear was fatally defective in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). The BIA affirmed the IJ's decision without opinion.

No. 18-60633

Rodriguez filed a motion to reopen and reconsider because he asserted that the BIA's summary affirmance "ignored the many procedural issues in question." In addition to re-urging the same issues he raised in his initial appeal to the BIA, Rodriguez argued that the BIA's failure to address the immigration court's jurisdiction or the IJ's errors was improper in light of *Pereira*, which was decided after the IJ's decision. Rodriguez also filed a motion seeking an emergency stay of removal from the BIA.

The BIA issued an order denying the motion to reopen and reconsider. The Board concluded that the IJ's jurisdiction was not affected by *Pereira* because, although Rodriguez's notice to appear did not specify his removal hearing's time or location, he subsequently received proper notice of his hearings and appeared at them. The BIA also denied relief as to Rodriguez's loss amount claim because Rodriguez merely repeated the arguments made in his initial appeal and did not identify any error in the BIA's prior ruling. The BIA held that Rodriguez's claim had not suffered bias or lack of fundamental fairness. It therefore denied his motion to reconsider and his request for a stay of removal.

Rodriguez filed timely petitions for review of the final removal order and of the denial of his motion for reconsideration, which were consolidated before this court.

## II.

Our jurisdiction over final orders of removal based on the petitioner's commission of an aggravated felony extends only to review of constitutional claims or questions of law. *Shroff v. Sessions*, 890 F.3d 542, 544 (5th Cir. 2018). We retain jurisdiction to review the purely legal question of whether the underlying conviction is an aggravated felony, and our review of this question is de novo. *Rodriguez v. Holder*, 705 F.3d 207, 210 (5th Cir. 2013); *Martinez v.*

*Mukasey*, 508 F.3d 255, 258 (5th Cir. 2007). But we defer to the agency's reasonable interpretations of immigration statutes. *Zermeno v. Lynch*, 835 F.3d 514, 516 (5th Cir. 2016). When the BIA summarily affirms the IJ's decision, we review the decision of the IJ. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

"We review the Board's denial of both a motion to reopen and a motion for reconsideration 'under a highly deferential abuse-of-discretion standard.'" *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (quoting *Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir. 2005)). As long as the decision "is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach," the decision must be affirmed. *Id.* (quoting *Zhao*, 404 F.3d at 304).

## III.

Rodriguez argues that his final order of removal is invalid on two grounds. First, he argues that he is not removable because DHS failed to establish that he committed an aggravated felony because it did not prove that the loss to the victim or victims of Rodriguez's conspiracy offense exceeded $10,000. Second, he argues that the IJ had no jurisdiction to order his removal because his notice to appear was deficient. Rodriguez is not entitled to relief on either ground.

### A.    Removability for Aggravated Felony Conviction

Rodriguez first contends that the IJ improperly classified his conspiracy conviction as an aggravated felony because the government failed to prove that his conspiracy offense resulted in a loss of more than $10,000 to any victim or victims, which is required under 8 U.S.C. § 1101(a)(43)(M)(i). He argues that neither the indictment nor the restitution order on which the IJ relied to find

that the loss amount exceeded $10,000 provided sufficient factual support for that finding.

Any alien who has committed an aggravated felony at any time after admission is removable on that basis. 8 U.S.C. § 1227(a)(2)(A)(iii). Under § 1101(a)(43)(M)(i), a crime that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000" is an aggravated felony. A conspiracy to commit an aggravated felony as defined by § 1101(a)(43)(M)(i) also constitutes an aggravated felony. § 1101(a)(43)(U); *Omari v. Gonzales*, 419 F.3d 303, 307 (5th Cir. 2005). To show the loss amount, the Government must demonstrate that "there was clear and convincing evidence that [the petitioner's] prior conviction involved an amount of loss greater than $10,000" and that "the evidence establishing that the conviction involved such a loss was reasonable, substantial, and probative." *Arguelles-Olivares v. Mukasey*, 526 F.3d 171, 178 (5th Cir. 2008). The amount of loss under § 1101(a)(43)(M)(i) "is a factual matter to be determined from the record of conviction." *Arguelles-Olivares*, 526 F.3d at 177. When determining loss, an immigration court can rely on sentencing-related material, including a restitution order. *Nijhawan v. Holder*, 557 U.S. 29, 42–43 (2009).

Here, the district court ordered restitution in the amount of $315,436.72 as part of Rodriguez's criminal sentence. A restitution order can be used to show the amount of loss to the victim "in the absence of any contrary record evidence." *Afzal v. Lynch*, 647 F. App'x 505, 506 (5th Cir. 2016); *Clement v. Lynch*, 624 F. App'x 275, 276 (5th Cir. 2015); *see also James v. Gonzales*, 464 F.3d 505, 510–12 (5th Cir. 2006) (relying in part on a restitution order to establish loss). We agree with the finding that the restitution order, here, thirty times more than the aggravated felon threshold, provided substantial

evidence that the actual loss of Rodriguez's fraud *conspiracy* offense of conviction exceeded $10,000 in this case.[1]

## B.    Denial of Motion to Reconsider

Rodriguez contends that the immigration court lacked jurisdiction to order his removal because his notice to appear did not include a date and time of his hearing.

In *Pereira*, the Supreme Court held that a notice to appear "that fails to designate the specific time or place" of a petitioner's hearing "is not a notice to appear" for purposes of the "stop-time" rule applicable to cancellation of removal claims. 138 S. Ct. at 2114 (internal quotation marks omitted). Rodriguez reasons that, in light of *Pereira*, his notice to appear did not qualify as a valid charging document under 8 C.F.R. § 1003.13 and therefore did not vest the immigration court with jurisdiction pursuant to 8 C.F.R. § 1003.14(a).

We recently rejected this argument in *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019). In *Pierre-Paul*, we held that (1) *Pereira* does not apply outside of the statutory stop-time rule for cancellation of removal; (2) the subsequent mailing of a notice containing the time and date of the initial hearing cures any arguable defect; and (3) § 1003.14 is a claims-processing rule rather than a jurisdictional mandate. *Id.* at 689–93. This holding forecloses Rodriguez's argument. Thus, the BIA's decision denying Rodriguez's motion to reconsider

---

[1]    Because the restitution order and guilty plea to the fraud conspiracy provide sufficient evidence of the loss amount, we do not reach the question of whether the statements in the indictment could be evidence of the loss amount. Likewise, though the IJ held that the government's burden was met by proving a "potential loss" to the victim of more than $10,000, we have not previously held that the government may show only a potential loss, and we need not decide that question today. Even if an actual loss is required, we may affirm the decision when "there is no realistic possibility that . . . the BIA would have reached a different conclusion." *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010) (quoting *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005)).

No. 18-60633

was not capricious or otherwise irrational, and it was not an abuse of discretion. *Singh*, 436 F.3d at 487.

**IV.**

For these reasons, we DENY Rodriguez's petitions and AFFIRM the BIA's final order of removal and its denial of Rodriguez's motion for reconsideration.