# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2020

Lyle W. Cayce
Clerk

No. 20-30042
Summary Calendar

FIAZ AFZAL, Medical Doctor; SHAHIDA SHUJA,

     Plaintiffs - Appellants

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY,

     Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-1354

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

*Pro se* appellant Fiaz Afzal appeals the district court's dismissal of his lawsuit for lack of jurisdiction. We dismiss the appeal.

Afzal is a Pakistani national who was originally admitted to the United States as a lawful permanent resident but was later removed from the country after he was convicted on eighteen counts of Medicaid fraud. Following his removal, Afzal applied with the United States Citizenship and Immigration

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 20-30042

Services for a waiver of inadmissibility and permission to reenter the United States. The USCIS denied his applications pursuant to 8 U.S.C. § 1182(h), finding he was statutorily ineligible for a waiver and did not qualify for a discretionary waiver. Afzal has now sued the Department of Homeland Security, challenging the USCIS's denial of his applications. The district court dismissed his claims for lack of jurisdiction. Afzal appeals.

Section 1182(h) unequivocally deprives courts of jurisdiction over discretionary decisions to grant or deny a waiver of admissibility. *Cabral v. Holder*, 632 F.3d 886, 889 (5th Cir. 2011) (citing 8 U.S.C. § 1182(h)). The district court therefore properly found that it lacked jurisdiction over Afzal's lawsuit. *See id.* We are likewise precluded from exercising jurisdiction over such determinations.[1] *See id.*; *see also* 8 U.S.C. § 1252(a)(2)(B)(i) ("[*N*]*o court shall have jurisdiction to review* . . . any judgment regarding the granting of relief under section 1182(h) . . . ." (emphasis added)).

Accordingly, Afzal's appeal is **DISMISSED** for lack of jurisdiction.

---

[1] We do have jurisdiction to review "constitutional claims or questions of law raised upon a petition for review" filed in the first instance in this court. 8 U.S.C. § 1252(a)(2)(D). But we are not now considering a petition for review, and, liberally construing Afzal's briefing, any constitutional or legal questions he may have raised seek only to challenge his underlying Medicare fraud conviction, an issue we previously addressed in dismissing Afzal's prior petition for review. *See Afzal v. Lynch*, 647 F. App'x 505, 507 (5th Cir. 2016).