# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60252
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 15, 2020

Lyle W. Cayce
Clerk

CESIA MADAHY ACOSTA-ALVARADO,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 505 817

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Cesia Madahy Acosta-Alvarado, a native and citizen of El Salvador, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming without opinion an immigration judge's (IJ) order denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60252

When the BIA affirms the IJ's decision without written opinion, the IJ's order is the final agency decision that we review. *Martinez v. Mukasey*, 508 F.3d 255, 257 (5th Cir. 2007). Accordingly, we review the IJ's factual findings, including the denial of asylum, withholding of removal, and protection under the CAT for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005); *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). Under the substantial-evidence standard, "this court may not overturn . . . factual findings unless the evidence compels a contrary conclusion." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). We lack jurisdiction to consider Acosta-Alvarado's argument that the BIA failed to conduct a reasoned analysis of her request for withholding of removal, which she maintains allows for a more relaxed showing of nexus than that required by the IJ because she did not raise it before the BIA. *See Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009); *Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001).

Substantial evidence supports the IJ's finding that the two incidents cited by Acosta-Alvarado did not rise to the level of past persecution. *See Eduard v. Ashcroft*, 379 F.3d 182 (5th Cir. 2004); *see also Morales v. Sessions*, 860 F.3d 812, 816 (5th Cir. 2017). Furthermore, nothing in the record compels the conclusion that Acosta-Alvarado's fear that she would be persecuted based on her prior engagement to a man who was threatened and subsequently murdered by a criminal gang if returned to El Salvador was well-founded. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492-93 (5th Cir. 2015); *see also Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 242-43 (BIA 2014). Moreover, because the IJ conducted the requisite fact-specific, case-by-case analysis of Acosta-Alvarado's proposed family-based particular social groups, we decline to grant her request for a remand. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 235-36 (5th Cir. 2019); *Pena Oseguera v. Barr*, 936 F.3d 249, 251 (5th Cir. 2019). Finally,

No. 19-60252

Acosta-Alvarado's testimony, though credible, and the documentary evidence are too general and speculative to support CAT relief for a specific individual and insufficient to compel reversal under the substantial evidence standard. *See Morales*, 860 F.3d at 818.

Accordingly, Acosta-Alvarado's petition for review is DENIED in part and DISMISSED in part.