# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 2, 2020

Lyle W. Cayce
Clerk

No. 18-60786
Summary Calendar

ESTHER AGUILAR-CHAVEZ,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 737 504

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Esther Aguilar-Chavez, a native and citizen of Honduras, petitions for review of the dismissal by the Board of Immigration Appeals (BIA) of her appeal from the order by the immigration judge (IJ) denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). She argues that the BIA erred in determining that she

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60786

did not establish past persecution or a well-founded fear of future persecution and that the BIA erred in determining that she waived her CAT claim.

We review the BIA's decision and will consider the underlying decision of the IJ only if, as here, it influenced the determination of the BIA.  *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002).  We review the BIA's conclusions of law and whether we have subject matter jurisdiction *de novo*.  *Ontunez-Tursios*, 303 F.3d at 348; *Garcia-Melendez v. Ashcroft*, 351 F.3d 657, 660 (5th Cir. 2003).  The BIA's factual findings are reviewed under the substantial evidence test, under which we may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion.  *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

The Attorney General has discretion to grant asylum to refugees.  *Milat v. Holder*, 755 F.3d 354, 360 (5th Cir. 2014).  To qualify for asylum as a refugee, an applicant must demonstrate either past persecution or a reasonable, well-founded fear of future persecution on account of one of the five grounds enumerated in 8 U.S.C. § 1101(a)(42)(A), including, as relevant here, "membership in a particular social group."  *Milat*, 755 F.3d at 360; *see* 8 U.S.C. § 1158(b)(1)(B)(i).  "Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive."  *Arif v. Mukasey*, 509 F.3d 677, 680 (5th Cir. 2007) (internal quotation marks, citation, and brackets omitted).  "Withholding of removal is a higher standard than asylum."  *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

Aguilar-Chavez testified during immigration proceedings as follows.  Her half-sister, Fanis Adina Chavez (Fanis), and her aunt, Lucinda Chavez (Lucinda), were killed by Tulio Sierra (Tulio), who was the boss of the local MS-13 gang, and two other gang members, Nixon Gomez and Evenson Riviera.  Tulio had wanted Fanis to be romantically involved with him and to sell drugs

2

No. 18-60786

for the gang, and he repeatedly threatened to kill Fanis and her family when she refused. After the murders, Salvamica, who took over as the gang leader after Tulio was killed, threatened Aguilar-Chavez personally at a bank in town, telling her that he could kill her if he wanted to and that her family was large, but he would find them anywhere. Aguilar-Chavez left for the United States the following month. After she left, MS-13 gang member Apollo asked Aguilar-Chavez's half-sister, Cesia Eloina Aguilar-Chavez (Cesia), to be romantically involved with him. When she refused, another sister was told that Cesia and her cousin were being watched. Cesia then left for the United States. Additionally, after Aguilar-Chavez's uncle asked Gomez's father to request that Gomez leave their family alone, the uncle was murdered.

Aguilar-Chavez argues that the nature and frequency of threats to her and her family qualified cumulatively as past persecution. She contends further that the murders of three of her family members, explicit and direct death threats, and her economic deprivation rise to the level of persecution. However, her testimony reveals that she was only directly threatened once. Such isolated threats of future violence do not amount to persecution. *See Morales v. Sessions*, 860 F.3d 812, 816 (5th Cir. 2017). Moreover, any past persecution of her family members may not be imputed to her, and her testimony supports the BIA's finding that Tulio's threats to kill Fanis and her family, the murders of Fanis and Lucinda, and the threats to Cesia occurred because Fanis and Cesia refused to romantically affiliate with or sell drugs for Tulio and Apollo and not on account of their membership in Aguilar-Chavez's purported particular social group—Fanis's immediate family. Additionally, Aguilar-Chavez has not provided any arguments showing how any economic deprivation was sufficiently extreme to rise to the level of persecution. *See Morales*, 860 F.3d at 816.

No. 18-60786

Although Aguilar-Chavez also contends that she has a well-founded fear of future persecution due to the MS-13's previous threats and murders of her family members, her testimony reveals that her immediate family members who remained in Honduras have not been targeted by the MS-13 since Cesia left for the United States. Furthermore, she has not provided any arguments challenging the BIA's conclusion that she failed to establish who killed her uncle after she left Honduras or why he was killed. In light of the foregoing, Aguilar-Chavez has not shown that the record compels a conclusion contrary to the BIA's determinations that she did not demonstrate past persecution or a reasonable, well-founded fear of future persecution. *See Chun*, 40 F.3d at 78.

As substantial evidence supports the BIA's determinations that Aguilar-Chavez did not show past persecution or a well-founded fear of future persecution on account of a protected factor, she has not shown that she was entitled to asylum. *See Milat*, 755 F.3d at 360. As she has not shown that she was entitled to asylum, she cannot show that she was entitled to withholding of removal. *See Efe*, 293 F.3d at 906.

Aguilar-Chavez also argues that the BIA erred in determining that she waived her CAT claim. She contends that she raised the claim "generally" in her appeal to the BIA and that the BIA's failure to consider the issue prejudiced her because she was eligible for protection under the CAT. However, because Aguilar-Chavez failed to provide any arguments supporting a CAT claim in her appeal to the BIA, she has failed to exhaust her administrative remedies, and we thus lack jurisdiction to consider the claim. *See* 8 U.S.C. § 1252(d)(1); *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786 (5th Cir. 2016); *Rui Yang v. Holder*, 664 F.3d 580, 588 (5th Cir. 2011); *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009).

Accordingly, Aguilar-Chavez's petition for review is DENIED.