# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2022

Lyle W. Cayce
Clerk

No. 20-60727
Summary Calendar

Gabriel Alejandro Ruiz Figueroa, *also known as* Gabriel Alejandro Ruiz,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 278 071

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Gabriel Alejandro Ruiz Figueroa, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) decision

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

affirming the immigration judge's (IJ) denial of his application for withholding of removal.

When the BIA affirms the IJ without opinion, as it did here, we review the IJ's decision. *See Moin v. Ashcroft*, 335 F.3d 415, 418 (5th Cir. 2003). Findings of fact, including the denial of withholding of removal, are reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under the substantial evidence standard, we may not reverse a factual finding unless the evidence "compels" such a reversal— i.e., the evidence must be "so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.* Conclusions of law and whether we have subject-matter jurisdiction over an issue are reviewed de novo. *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013); *Garcia-Melendez v. Ashcroft*, 351 F.3d 657, 660 (5th Cir. 2003).

Ruiz Figueroa failed to raise before the BIA in the first instance (1) whether the IJ failed to clarify his particular social group (PSG) and (2) whether the IJ and BIA erred by not finding him prima facie eligible for cancellation of removal. Thus, he has failed to exhaust his administrative remedies as to these issues, which deprives us of jurisdiction to review them. *See Avelar-Oliva v. Barr*, 954 F.3d 757, 766 (5th Cir. 2020).

His PSG of "Honduran men persecuted by gangs who are protected by the police" is not cognizable because it does not exist independently of the persecution. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 229 (5th Cir. 2019). Contrary to Ruiz Figueroa's contention, the IJ's analysis of the circular nature of his PSG involved more than just rejecting it at the "mere mention" of the persecution. Because Ruiz Figueroa failed to assert a cognizable PSG, his withholding of removal claim fails, *see id.* at 224, 229, and this court need not evaluate the rest of his issues raised on review related to withholding of removal, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule

No. 20-60727

courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Accordingly, his petition for review is DISMISSED in part and DENIED in part.